Lake, Ch. J.
I. In my view of This case it is unnecessary to notice more than one of the several errors relied on for a reversal of the judgment.
The action in the court below was brought to recover for personal injuries sustained by the defendant in error while driving across the depot grounds of the plaintiff in error, in consequence of his horse taking fright, and throwing him from his buggy. In Ms petition, after narrating at considerable length the reasons which induced him to attempt to cross the railroad track at the particular place in question, the plaintiff alleges that he “ knew nothing of the arrangement and scare crow which the defendant had placed near the wagon road of said west crossing, by placing its cars and other implements used by the agents and employes of this defendant, in such a manner as to present a horrid and frightful appearance;” that thereupon the horse he was driving “ became frightened at the frightful and horrible arrangement of the cars and implements,” and suddenly wheeling round threw him violently from the buggy to the ground, doing the injury complained of.
*450 From this statement it is clear that the fright of his horse was the primary cause of the plaintiff’s injury. But in order to justify a recovery against the railroad company it must be shown to have contributed thereto by some wrongful or negligent act, which must clearly appear from the petition. Now what have we here? Simply an inferential statement, not a direct allegation, that upon the depot grounds of the company there was an “ arrangement and scare crow” caused by the placing of “cars and other implements” near the crossing of the railroad track in such a manner as to present a “horrid and frightful” appearance. But there is nothing from which it can be rightfully inferred that there was any “ arrangement ” of the cars, or other implements, which was unusual and unnecessary in the legitimate transaction of the business of the company, or .that it had not a perfect right to make, especially upon its own grounds. Surely there is nothing in the word “scare-crow ” from which such an inference can be drawn. Webster defines “ scare-crow ” to be “ any frightful thing set up to frighten crows or other fowls from corn fields; hence, any thing terrifying without danger; a vain terror.”
It is not enough to allege merely that the cars presented a “frightful ” appearance, for that is simply the opinion of the plaintiff, and is altogether too indefinite and uncertain as a matter of pleading. Besides, the mere fact that the appearance was frightful to the plaintiff or to his horse is not sufficient, but it must be shown that the arrangement, whatever it may have been, was neither usual nor customary with railroad companies under like circumstances, and in addition thereto, one which common prudence would condemn as being calculated to frighten teams passing that way. But nothing of this sort is alleged, and I am very clearly of opinion that the demurrer, interposed by the defendant to the petition, should have been sustained.
*451 II. But if we look to the facts established on the trial, the case is no more favorable to the plaintiff. It is shown that there was a “hand” or “rubble” car lying bottom upwards near the railroad track, and near the crossing. Another car loaded with wood, or slabs, was standing on the track, and extending partly over the crossing, but, in the language of one of the plaintiff’s witnesses, leaving space enough on the crossing to cross conveniently. "Whether there were other cars there does not appear. As to the “ hand,” or “rubble” car, a witness called by the plaintiff, swore that it was usual to leave such cars bottom upwards when not in use. This is all there was of the “scare-crow” mentioned in the petition, as disclosed by the testimony, and in view of the fact that it was on the depot grounds which are specially devoted to the irse of the company, and where it has a perfect right to leave and dispose of its cars in the usual and ordinary mode of railroad companies, I see nothing of which the plaintiff could justly complain. It is true that he had the misfortune to meet with an unexpected and very serious bodily injury in consequence of the shying of his horse at the cars, and the breaking of his buggy seat, whereby he lost control of the animal. But there is a total want of testimony tending even to show that the railroad company was guilty of wrong, or negligence, contributing thereto. The fact that the public highway, some fifty or sixty rods to the east of where the accident occurred, had been rendered unsafe to travel by reason of a ditch having been dug across it by the company, in consequence of which the plaintiff was induced, or even compelled to cross by way of the depot, is entirely immaterial in this action. The plaintiff’s claim is not for damages occasioned by the highway being left in an impassable or dangerous condition, but because of an alleged, unwarrantable, and negligent use, by the company, of its own property, on its own grounds.
*452 Even if the petition had stated facts sufficient to constitute a cause of action, there being a total want of testimony to sustain a verdict in favor of the plaintiff, the motion for a non-suit should have been sustained, or the jury directed by the court to return a verdict for the defendant, as requested in the third instruction, which was refused.
The judgment of the district court must be reversed, the demurrer to the petition sustained, and the cause remanded for further proceedings, in conformity with the views herein expressed.
Judgment accordingly.