JUDGE GOFER
delivered the opinion oe the court.
The appellants, Hudson and wife, brought this suit against appellee to recover damages for injuries resulting to Mrs. Hudson from the alleged negligence of the employes operating and controlling one of its trains. The court sustained a demurrer to the petition, and the only question on this appeal is whether that ruling was correct.
The substance of the allegations of the petition was about this:
One of the branches of appellee’s railroad runs for some distance near to and parallel with a turnpike leading from Perry ville to Mitchellsburg; that Mrs. Hudson was driving in a buggy along the turnpike; that a train on appellee’s road, about an hour after its usual time of passing that place, came along, moving in the same direction in which Mrs. Hudson was traveling; that the buggy could be seen by the engineer for a distance of about one quarter of a mile from where it was on the turnpike road; that Mrs. Hudson could not see the train because it was behind her, and the top of the buggy obstructed her view; that no whistle was sounded or other notice given of the approach of the train; that the horse attached to the buggy became frightened at the noise, and when the train was within a few yards of the buggy the whistle attached to the engine was blown, and the horse becoming still worsé frightened, ran away and threw Mrs. Hudson out, and broke her arm and shoulder.
The appellee’s road was located under authority of law, and it has an unquestioned right to run trains thereon without responsibility for injuries to persons or property on or near to its road, unless such injury is caused by the improper construction or condition of its road, the unsuitableness of its machín *305 ery, or the unskillfulness, unfitness, or negligence of its agents or employes.
But railroad companies, like natural persons, must so use their own property and privileges as not to injure the rights of others, and in running their cars they must exercise a care proportioned to the danger of injury to others from negligence in the use of so dangerous a power as steam; and, as the danger of injury to others is increased, the law requires a corresponding increase of vigilance and care on the part of those using it.
According to the allegations in the petition the train was an hour behind its usual time, and was approaching a point where the railroad ran for some distance parallel with and near to a public highway, and no notice of its approach was given whereby to afford persons who might happen to be traveling on the highway, near to the railroad track with teams, to take steps to protect themselves from being injured by the fright of the animals at the sight or noise of the train; and the court by sustaining the demurrer decided that the injury sustained by Mrs. Hudson was not sufficiently proximate to the alleged negligence of those controlling the train, or else decided as matter of law that the facts alleged did not constitute sufficient evidence of negligence to enable the plaintiffs to maintain the action.
That to negligently frighten an animal, being at the time driven by the plaintiff, renders the person guilty of the negligence liable to respond in damages, for any injury sustained by the plaintiff in consequence of the fright, is now too well established by authority to require that we should enter into an argumeut in support of the proposition. (Wharton on Negligence, secs. 835, 836, and 898, and authorities there cited.)
Is the judgment maintainable on the other ground, viz. that as a matter of law there was, under the circumstances, no negligence in failing to give notice of the approach of the train to the point where the two roads ran near to. each other.
*306 The train was an hour behind time. Had it been on its usual time it might be said, with plausibility at least, that travelers were bound to be on the lookout for it, and were not entitled to notice of its approach; but if this be true it but makes it the more manifest that when it was not on time some notice of its coming should be given, if there were reasonable grounds to apprehend that teams on- the adjacent turnpike would be frightened by the passing train. If travelers are bound to look out without warning for a train on time, they have a right when traveling along the road an hour after train-time to assume that it has passed by, unless they have notice that it has not, and if those operating a train may assume without giving notice of its approach that travelers will be on the lookout when it is on time, travelers have a right to have notice of its approach when not on time, if such notice may reasonably be deemed necessary to avoid danger of frightening teams and consequent injury to those riding or driving. And while we do not mean to decide or to intimate that there was negligence in failing to give warning of the approach of the train, we do mean to hold that the court below erred in deciding that there was no negligence for which the company is liable. That is a question for the jury and not for the court, for although the facts stated in the petition are to be treated as true in considering the demurrer, they are not of such a character as authorized the court to pass upon the question of negligence. But in view of the facts alleged, a jury should be allowed, under proper instructions, to pass upon the question. (Dolfinger v. Fishback, 12 Bush, 474, and authorities there cited.)
That the whistle was sounded when the train was within a few steps of the horse and after he had become frightened, does not, of itself, give the appellants a cause of action. Steam-whistles attached to locomotive engines are useful and convenient, if not necessary to the safe and efficient operation *307 of railroads, and when prudently used are useful and beneficial both to railway companies and to the public, and the blowing of such whistles is not per se unlawful or wrongful ; and in order to recover for injuries resulting from their use) it must be shown that the circumstances attending the use were such that a prudent regard for the rights of others forbade it. (Hill v. R. R. Co., 55 Me. 438; R. R. Co. v. Harmon, 47 Ill. 298; R. R. Co. v. Barnett, 59 Pa. St. 259; R.W. Co. v. Fullarton, 108 E. C. L. 54.)
For aught that appears the circumstances may have been such that prudence required the blowing of the whistle, even at the risk of causing the horse attached to the buggy to run away. It does not appear that the engineer saw the horse or buggy. If it did, then it would appear at least prima facie that the act of blowing was wrongful, and if other circumstances made the blast necessary and proper, notwithstanding the obvious danger to Mrs. Hudson, that would be matter of defense, but nothing else appearing except that the whistle was blown when the engine was near the horse, and after he had become frightened by the noise made by the train, it does not appear that the engineer acted improperly.
Judgment reversed, and cause remanded with directions to overrule the demurrer, and for further proper proceedings.