LOUISVILLE & N. R. CO. *v.* THOMAS J. HUDSON, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1.—66.]

**Negligence by Railroad Company in Failing to Give Warning of Approach of Train.**

> Where a railroad runs near to and parallel with a public road it may be negligence to fail to give warning of the approach of a train, even when on time; but whether it is negligence in either case depends upon the question whether, in view of the location of the roads, such a precaution would be regarded as reasonably necessary to prevent injury to persons traveling on the nearby road.

**Degree of Care Required of Railroad Company to Prevent Injury to Others.**

> The care required by a railroad company to prevent injury to persons must be proportionate to the danger, and it must follow that greater care is demanded when a train is off than when it is on time.

**Evidence of Surgeon's Fees.**

> In a suit for personal injuries against a railroad company it is error to admit proof of the payment of surgeon's fees by the injured party where no claim is made in the petition for such fees.

APPEAL FROM BOYLE CIRCUIT COURT.

May 29, 1880.

OPINION BY JUDGE COFER:

We did not decide as matter of law, when the case was here before, *Hudson &c. v. Louisville &c. R. Co.,* 14 Bush 303, that it was negligence to fail to give warning of the approach of a train that was behind time. What we decided was that the court erred in de-

ciding as matter of law that it was not negligence. We said: "And while we do not mean to decide or to intimate that there was negligence in failing to give warning of the approach of the train, we do mean to hold that the court below erred in deciding that there was no negligence for which the company is liable."

The fact that a train is behind its usual time is an element to be taken into consideration by the jury in deciding whether there was negligence. When as in this case a railroad runs for a considerable distance near to and parallel with a public road, it may be negligence to fail to give warning of the approach of a train even when on time. But whether it is negligence in either case will depend upon the question whether in view of the location of the roads toward each other such precaution would be regarded as reasonable and necessary to prevent injury to persons traveling on the neighboring road.

That there is more danger of injuring persons traveling on such road when the train is behind time than when on time does not seem to admit of discussion. As the law is that care must be apportioned to the danger it would seem to follow that greater care is demanded when a train is off than when it is on time.

No claim was made in the petition for surgeon's fees, and it was therefore error to admit proof of the payment of such fees or to instruct the jury that they might take such payment into account in assessing the damages. Whenever the damages sustained do not necessarily accrue from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant which might otherwise ensue on the trial, the plaintiff must in general state the particular damages he has sustained, or he will not be permitted to give evidence of it. Chitty on Pleadings, (16th Am. ed.) 348; Sedgwick on Damages, § 1261.

We perceive no objection to any other instruction or ruling of the court.

For the errors indicated the judgment is *reversed*, and the cause remanded for a new trial.

*Durham & Jacobs, Littleton Cooke, for appellant.*

*Thompson & Thompson, for appellees.*