Thomas J. Hudson et al. v. Louisville & N. R. Co.

[Abstract Kentucky Law Reporter, Vol. 3—616.]

**Negligence in Damage Suit.**
> It is the duty of a railroad company to give due and proper warning of the approach of its trains to or near that part of its road running parallel with a turnpike road, and a failure to give such warning is negligence, which will subject the company to damages when an injury results from such failure.

**Damages from Frightening Horses.**
> If a railroad company, through the operators of its engine, blows a whistle at or near those traveling on a nearby highway when there was no necessity for it and when the engine was so near as to frighten the horse of plaintiff by reason of the peculiar noise of the whistle and cause it to run away, injuring plaintiff, such company is guilty of negligence, and is liable for the damage caused thereby.

APPEAL FROM BOYLE CIRCUIT COURT.

February 4, 1882.

Opinion by Judge Pryor:

This is the third time this case has found its way to this court. First appeal, 14 Bush (Ky.) 303; second appeal, 10 Ky. Opin. 617, 1 Ky. L. 66. The appellant (the plaintiff below) has obtained a verdict and judgment for $375, and complains that the jury failed to give the amount of damages to which she was entitled. It seems to us the instructions of the court embrace the law of this case. Two propositions were submitted to the jury, under which this verdict was obtained:

1. It was the duty of the company to give due and proper warning of the approach of its trains to or near that part of its road running parallel with the turnpike, and a failure to give such warning subjected the company to damages when an injury resulted from this neglect.

2. If the warning was given or the whistle sounded at or near those traveling on the road, when there was no necessity for it and when the cars were so near as to frighten the horse of plaintiff by reason of this peculiar noise of the whistle, the verdict must be for the plaintiff.

These instructions covered the law of the case, and the jury, believing from the evidence that negligence existed on the part of the company, returned a verdict against it; and the question of damages was with the jury and not the court. It is argued that the court failed or refused to permit the jury to take into consideration the loss of time during plaintiff's illness in estimating the damages.

There is no such special damage alleged in the petition, and if the allegation as to the fact of the injury alone was sufficient to authorize the jury to consider it, a question not necessary to be determined, we would not, after three trials of this case, disturb the finding. The jury no doubt considered the nature and extent of such injury, and the consequences resulting from it, and if not there must be an end to litigation, and this judgment is therefore *affirmed.*

*Thompson & Thompson, for appellants.*

*Durham & Jacobs, William Lindsay, for appellee.*