## M. B. McCERRIN v. ALABAMA & VICKSBURG RAILWAY CO.

1. RAILROADS. *Speed. Noises. Negligence. Averments.*

   There is no fixed rule as to the rate of speed at which a hand-car may be run even at. street crossings in a city or town, or as to the noise to be made in operating it. Rapidity of movement, noises and sudden appearances are common incidents of railroad operation, and one complaining of hurt from these causes must show clearly a departure by the defendant from custom and propriety to warrant recovery.

2. SAME. *Negligence. Frightening horses. Sufficiency of averments.*

   Though a declaration against a railroad avers that the defendant "carelessly, improperly and recklessly" operated its hand-car with a noisy, disorderly and boisterous crew, whereby plaintiff's horse was frightened and she was injured, if the various acts complained of are stated, and these do not, separately or as a whole, show negligence, the declaration is demurrable.

3. SAME. *Negligence. Sufficiency of declaration. Case.*

   Accordingly, a declaration, though averring that defendant's hand-car, with a noisy, disorderly and boisterous crew, was being run in a city, near the tracks of another railroad. more than fifteen miles an hour. when it suddenly came into view from beyond a high plank fence near the crossing of a public street on which plaintiff was driving; that, notwithstanding the obstruction of view, the proximity of the other railroad and other surroundings making the situation dangerous, defendant failed to exercise ordinary care to avoid injury, and carelessly, negligently and recklessly ran and operated the hand-car, and that these things were calculated to frighten a horse of ordinary gentleness, and did frighten plaintiff's more than ordinarily gentle horse, whereby she was injured. does not show a cause of action.

4. SAME. *Averring negligence. Acts unusual or dangerous. Pleading.*

   In such case, no one of the things alleged being *per se* negligence, and it not being shown that the acts complained of were unusual

or dangerous, or such as common prudence would condemn as being calculated to frighten horses at that place, under the rule that allegations are to be construed most strongly against the pleader, and that acts of negligence must be distinctly averred, the declaration is insufficient on demurrer.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Action by appellant against the Alabama & Vicksburg Railway Company, for personal injuries, the material averments of the declaration being as follows: "The railroad track of defendant runs across West Capital street, in the city of Jackson; said street runs about east and west, and said railroad, where it crosses said street, runs northwest and southeast. Approaching said crossing from the east, there is a hill or grade of several feet, just at said railroad track. Said street is much lower on the east side of the crossing than the crossing and track, and on the south side of said street there is a high plank fence, running up to defendant's right of way, that cuts off and obstructs the view of said road from that part of said street lying east of said railroad track. At the same time, the Illinois Central Railroad Company owned and operated a railroad running through said city in a northern and southern direction, and crossing said West Capital street at a point about one hundred yards east of the place where the defendant's railroad crosses the same. At said crossing of the Illinois Central railroad, there are numerous tracks and switches, and where numerous cars and locomotives are kept and commonly used, and where said last-named railroad company keeps its switch engines and has its switch yard, and where other railroad companies (as well as defendant) have their switches and run their trains. "October 9, 1893, plaintiff was riding in a buggy drawn by a horse of ordinary gentleness, and had crossed said railroad tracks and switches of the Illinois Central railroad, and was going in a westerly direction, along said West Capital street, toward the said track of defendant, and when within fifty feet of defend-

ant's track, the said defendant then and there so carelessly, improperly and negligently operated its certain hand-car, then coming from a southeasterly direction, and running at a speed exceeding fifteen miles an hour, near and in front of plaintiff, that her horse became frightened and ran away, and the buggy was turned over, and plaintiff was thrown with great violence to the ground, and was thereby greatly bruised, hurt, etc. . . And plaintiff says, that, in view of the fact that she was between the said tracks aforesaid, and the obstructed view, by reason of said plank fence and her surrounding dangers and perilous situation, it was the duty of defendant to use ordinary care and prudence in approaching said crossing with its said hand-car, so that a horse of ordinary gentleness would not be frightened; but the defendant, disregarding its duty in that regard, then and there, carelessly, negligently and recklessly, ran its said hand-car at a very rapid speed, exceeding fifteen miles an hour, and a hand-car being operated at such a speed is well calculated to frighten a horse of ordinary gentleness; that, in addition, the said car then and there being so negligently operated, was filled with disorderly men, employes of defendant, standing and constantly and rapidly changing their position from an upright to a low, stooping one, driving said car at said rapid rate of speed, and who were singing in a loud tone, and were otherwise noisy and boisterous, and the said rapidly moving car and the noise from the same, and the noise and disorder of the men, and the very sudden appearance of said car and its disorderly crew, were well calculated to frighten, and did frighten and did cause to run away, her horse, which was of more than ordinary gentleness, and caused the aforesaid damage to her,`` etc. It was further averred that the hand-car, thus operated, suddenly and unexpectedly emerged from beyond the obstruction, causing plaintiff's horse to become frightened and run away, while she was exercising due care. A demurrer to the declaration was sustained, and, plaintiff declining to amend, the suit was dismissed.

*Calhoon & Green* and *Williamson & Potter*, for appellant.

1. The speed run by the hand-car, being in a populous city, must, regardless of any statute, be deemed gross negligence. Nothing is better settled than that a railroad company must regulate the speed and management of its vehicles at dangerous crossings so as to minimize the danger.   4 Am. & Eng. Enc. L., 911; *Railway Co.* v. *French*, 69 Miss., 121; *Railway Co.* v. *Phillips*, 70 *Ib.*, 14.   Whether the facts alleged amounted to negligence, was for the jury.   Shearman & Redf. on Neg., 339; Patterson Ry. Ac. L., §§ 158, 170.   It is averred that what was done was well calculated to frighten a gentle horse.

It sufficiently appears that the manner of operating the car was the proximate cause of the injury.   If this is not true, there was no ground for recovery in *Railroad Co.* v. *Alexander*, 62 Miss., 496; *Railroad Co.* v. *Shelby*, ms. op.   What is calculated to frighten a horse of ordinary gentleness is for the jury.   Thomp. on Neg., 19; 59 Ga., 544.   If an act is charged to be done carelessly, negligently and recklessly, it is necessarily an averment that it was done unlawfully.

*Nugent & McWillie*, for appellee.

What was the cause of the injury?   Manifestly, the sudden appearance of the hand-car from behind the tall plank fence, accompanied by the sudden explosion of noises, causing fright to the horse; but the noises were not unlawful.   Bobbing up and down was essential to the working of the levers of the hand-car.   That appellant did not see the hand-car was not the fault of appellee.   It is not unlawful to run one at any speed consistent with safety, and it is not alleged that the speed was dangerous.   If there was nothing wrong or unlawful in the operating of the car, the plaintiff cannot recover.   A railway company is not responsible for injuries occasioned by fright at steam or noises.   4 Harrington (Del.), 252; 12 Am. Ry. Rep., 226, s.c. 51 Cal., 605.

Argued orally by *S. S. Calhoon* and *W. H. Potter*, for appellant, and *W. L. Nugent*, for appellee.

CAMPBELL, Special Judge, delivered the opinion of the court.

The gist of the action, as set forth in the declaration, is the rapid movement of the hand-car, at a speed of more than fifteen miles an hour, by a noisy and disorderly crew, and the sudden appearance of this car and crew from behind an obstruction of the view, near a crossing of the railroad by a public street on which the plaintiff was seeking to cross the railroad, which was calculated to frighten a more than ordinarily gentle horse, and did frighten plaintiff's horse, which was of that character, whereby she was damaged. There is no averment that the speed of fifteen miles an hour, or more, was unusual or dangerous, or improper on any ground; or that the noise or disorder of the men on the hand-car was unusual, or such as would be calculated to frighten horses, but the averment is, that the speed, the motions of the men, the combined noise made by car and men, and the sudden appearance to view of the car, were calculated to, and did, frighten plaintiff's very gentle horse. The combination is complained of as the cause of the injury to the plaintiff, by causing her horse to run away. The aggregation is charged as constituting the wrong of the defendant. If any of the constituents of this aggregation is *per se*, in legal contemplation, negligence or wrong on the part of the defendant, the declaration must be held good.

The law has no standard for the rate of speed of a hand-car, and has no rule as to noises produced by its operation, or made by those operating it; and as to the sudden appearance of car and crew (which, probably, was the real cause of the unfortunate fright of plaintiff's horse), surely no blame can be imputed for that, which, it may be justly supposed, would have terrified the horse if the speed had been less and the noise of car and men less.

True, the averment is that these things were all well calcu-

lated to frighten very gentle horses, but if the defendant, by its servants, did nothing unusual, and nothing which "common prudence would condemn as being calculated to frighten teams passing that way," it is not liable. There are many things in the unquestionably lawful operation of a railroad well calculated to frighten very gentle horses, and yet one who suffers from the fright of his horse cannot successfully complain of the loss sustained, unless it appears that the railroad company, by its servants, was guilty of wrong in the matter complained of. The declaration here seems to us to fall short of stating a cause of action by failing to aver that what is complained of was unusual, and such as common prudence would condemn as being calculated to frighten horses. *Railroad Co.* v. *Loree*, 4 Neb., 446.

The defendant had the right to operate its car in the usual and customary way, and at a safe rate of speed, but had no right to convert it needlessly into a terror-inspiring thing, and for such departure from propriety, would, undoubtedly, be liable in damages for any injury caused by this negligence to one free from fault; but rapidity of movement, noises and sudden appearances are common incidents of the operation of railroads, and one complaining of hurt from these causes must show clearly a departure by the defendant from custom and propriety to warrant recovery. That what is done is well calculated to frighten very gentle horses may consist with the lawful exercise of its rights by the defendant, which must be guilty of some wrong to incur liability, and, under the rule that allegations are to be construed most strongly against the pleader, it must not be left to inference that there was wrong on the part of the defendant, but it must be distinctly averred to withstand a demurrer. It is true that the declaration avers that the defendant "carelessly, improperly and negligently operated its certain handcar," but it states specifically what was done, and that the speed, the motions, the noise and sudden appearance to view were what constituted carelessness, impropriety and negligence

in the opinion of the pleader, and we do not think that these things constitute negligence in themselves, singly or collectively, as applied to this case. The declaration shows that at the place of the accident there was, at the time, great noise and confusion on the track of the Illinois Central Railroad Company, near by, and strongly suggests that the regrettable mishap which occurred was the result of a combination of adverse circumstances, and scarcely traceable to any known wrong or negligence of the defendant.

*Affirmed.*