CASE 34—ACTION FOR DAMAGES FOR NEGLIGENCE—Oct. 27.

# Louisville & Nashville Railroad Company v. Smith.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. NEGLIGENCE—DUTY OF RAILROADS TO TRAVELERS ON PARALLEL HIGHWAY.—A railroad company does not owe to travelers upon an adjacent parallel highway the duty of discovering that they have become imperiled by having their horses frightened by sounding the whistle and ringing the bell as required by statute on approaching a crossing, but only the duty of reasonable diligence to prevent damage after discovering such peril.

2. SAME—In such an action it was proper to instruct the jury that the plaintiff was entitled to recover for the whistling by which his horses were frightened if the defendant's employees saw that if they continued to blow the whistle it would cause the horses to be frightened.

3. SAME—DUTY TO KEEP LOOKOUT.—The rule that requires a lookout duty in cities and towns and at public and private crossings does not extend to persons on a highway parallel to the railroad.

4 EVIDENCE—READING STATUTE TO JURY.—It was not error to refuse to permit defendant's counsel to read a public statute to the jury.

LYTTLETON COOKE FOR APPELLANT.

1. In respect to liability of railroad companies to indictment for public nuisance, for failure to give signals for public crossings. L. & N. R. R. Co. v. Com., 13 Bush, 390; L., C. & L. R. R. Co. v. Com., 80 Ky., 143.

2. Liability of railroad companies for failure to give signal for publis crossings to persons on, or approaching, private crossings; Cahill v. Cincinati, &c. Ry. Co., 92 Ky.,345.

3. Liability of railroad companies for failure to give timely and

Louisville & Nashville Railroad Company v. Smith.

sufficient warnings of the approach of trains to public crossings: Paducah & Memphis R. R. Co. v. Hoehl, 12 Bush, 45; Hudson, &c. v. L. & N. R. R. Co., 14 Bush, 503; Eskridge's Exrs. v. Cincinnati, &c. R. R. Co., 89 Ky., 375; Illinois Central R. R. Co. v. Mizell, 18 Ky. Law Rep., 378; Rupard v. Chesapeake & Ohio Ry. Co., 88 Ky., 280; L. & N. R. R. Co. v. Survant, 96 Ky., 197.

4. Railroad signals for public crossings must be given *continuously* at least 50 rods from said crossing: Ky. Stats., (Barbour & Carroll's ed.) sec. 786.

5. Penalty for failure to give signals for public crossings *continuously* at least 50 rods from said crossing: Ky. Stats., sec. 793.

EDWARD W. HINES ON THE SAME SIDE.

1. No duty rests on the servants in charge of a train to keep a look-out on a highway parallel with the track so as to avoid the frightening of teams on the highway. Hudson, &c. v. L. & N. R. R. Co., 14 Bush, 307; Hargis v. St. Louis, &c. Ry. Co., 75 Tex., 23; Bailey v. Hartford & Conn. Val. R. Co., 56 Conn., 456; Lamb v. Old Colony R. Co., 140 Mass., 81.

2. Whatever duty the company may owe to persons on the highway is subordinate to its duty to passengers on the train and to persons at grade crossings. Hudson, &c., v. L. & N. R. R. Co., 14 Bush, 307; Bailey v. Hartford, &c. R. Co., 56 Conn., 456; Ky. Cent. R. Co. v. Lebus, 14 Bush, 518; L. & N. R. R. Co. v. Brumwell, 14 Ky. Law Rep., 239.

3. Negligence can not be predicated on the giving of the signals required by the statute. Morgan v. Central R. Co., 77 Ga., 792; Cahoon, &c. v. Chicago, &c. R. Co., 55 N. W. R., 900.

PRYOR, O'NEAL & PRYOR AND HUMPHREY & DAVIE FOR APPELLEE.

1. The evidence which the jury accepted as the truth of this case showed that the defendant's engineer, without any necessity therefor and while close to and in plain sight of the plaintiff's frightened horses, blew a first, a second, a third and a fourth time, with such a shrill, prolonged and unusually loud whistle as was calculated to and did cause the horses to break their iron bits and run away. This was such conduct as authorized the jury to find for the plaintiff. Gulf R. R. Co., v. Box, 81 Texas, 670 (17 S. W., 375); Biddle v. Camden & Amboy R. R., 55 N. J. L., 615 (28 Atl. Rep., 305); Hill v. Railroad, 55 Me., 438 (92 Am. Dec., 603); Lightcap v. Philadelphia Traction Co., 60 Fed. Rep., 212; Benjamin v. Holyoke R. R., 160 Mass., 3 (39 Am. St. Rep., 446); Ellis v. Boston R. R., 160 Mass., 1 (35 N. W., 1127); Hudson v. L. & N. R. R. Co., 14 Bush, 303; Ochiltree v. Chicago R. R. 92 Ia., 628 (62 N. W., 70); Railroad v. Stinger, 78 Pa. St.,

219; Hart v. Railroad, 56 Ia., 166; Hargis v. Railroad, 75 Texas, 19 (12 S. W., 953); Hanlon v. Philadelphia R. R., 182 Pa. St., 115 (37 Atl. Rep., 943); Gulf R. R. v. Spence, 32 S. W., 329; Steiner v. Traction Co., 134 Pa. St., 199.

2. The fact that the Kentucky Statutes, sec. 786, required the engineer to blow the whistle or ring the bell on approaching a crossing (giving him the alternative as circumstances should suggest) did not warrant the engineer in selecting the whistle instead of the bell in this case; or in blowing it in an unusual manner; or in blowing the last three blasts when in his plain sight the horses were already trying to run away and when in his plain sight there was nobody near the crossing that needed warning by the additional whistles. Biddle v. Camden & Amboy R. R., 55 N. J. L., 615; Hill v. Railroad Co., 55 Me., 438 (92 Am. Dec., 603.)

3. The railroad company did not plead contributory negligence nor did it ask for any instruction defining contributory negligence, nor was there any evidence of contributory negligence that would have justified the court in defining it to the jury. Central Passenger R. R. v. Chatterson, 17 Ky. Law Rep., 5; Cincinnati R. R. v. Palmer, 17 Ky. Law Rep., 998; L. & N. R. R. Co. v. Bullen, 15 Ky. Law Rep., 752; Young v. Stamp, 7 Ky. Law Rep., 605; 7 Am. & Eng. Ency. of Law, 373 (2d. ed.); 5 Ency. of Pl. & Pr., p. 11; Watkins v. Southern R. R., 38 Fed. Rep., 712.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This is an action for damages for personal injury. Appellee, Smith, together with his wife and child, were driving along the highway just east of St. Matthews, in Jefferson county. going in the direction of Louisville. This highway, the Westport turnpike, runs along and parallel with appellant's railroad for a considerable distance east of St. Matthews. Near where appellee was injured there are several crossings of roads over the railroad connecting with the Westport turnpike. The turnpike itself some distance east crosses the railroad.

The negligence alleged is that, while appellee was driving a team of gentle and ordinarily safe horses along this turnpike, appellant's passenger train going east, and meeting appellee, blew the engine whistle unnecessarily, and

unnecessarily loud and shrill, and unusually loud and long, and carelessly and negligently, so that the noise frightened the horses of appellee, and they became unmanageable, and ran away, and injured appellee.

The answer denied negligence, and alleged that the whistle sounded was the usual signal required by statute to be given when approaching a public crossing, which the train was then doing; denied that the engineer in charge of the engine saw appellee, or saw that his team was frightened or restless; and pleaded that the accident was caused solely and wholly by the negligence of appellee. The case was tried before a jury, and resulted in a verdict and judgment for appellee in the sum of $2,500; hence this appeal.

The reasons for new trial complain that the court erred in refusing a peremptory instruction, and in refusing certain instructions asked by appellant, and in giving the instructions to the jury (these are numbered 1, 2, 3, 4, and 5), and of errors in the admission and rejection of evidence prejudicial to the appellant.

Instruction No. 1 reads:

"The court instructs the jury that the law made it the duty of the defendant's employes in charge of the engine mentioned in the petition, when not less than within fifty rods, or 825 feet, of the crossing of the railroad and the Westport turnpike, to give notice of the approach of the engine and train thereto by blowing the whistle or ringing the bell continuously or alternatively until the crossing was reached; and if the jury shall believe from the evidence that the signals from the whistle complained of by the plaintiff were the usual and customary signals for the said crossing, given in the usual and customary manner, and that the defendant's said employes did not see, and

could not have known by the exercise of ordinary care, that continued whistling would cause plaintiff to lose control of his horses, and would cause them to run away, then the law is for the defendant, and they should so find."

Instruction No. 2 is the converse of No. 1.

Instruction No. 3 reads:

"If plaintiff's injuries were caused by his own negligence, the law is for the defendant, and they should so find."

No. 4 is on the element of danger and 5 is a definition of ordinary care and negligence.

We are of opinion that instructions Nos. 1 and 2 are erroneous, in that a recovery is permitted if the jury believe that the employes in charge of the engine *could have known by the use of ordinary care* that the continued whistling would cause plaintiff to lose control of his team. The instructions, so far as they permit a recovery for the whistling, by which the horses were frightened, if the employes saw that, if they continued to blow, it would cause the horses to be frightened, are proper, and the law; but there is no rule of law that would require employes in charge of an engine to discover the condition of a team or persons on a highway running parallel with the railroad. Lamb v. Old Colony Railroad Co., 140 Mass., 79, [54 Am. R., 449; 2 N. E., 932].

While it is not their duty to discover such things, yet if the employes do see the apparent danger, it then becomes the duty of such employes to use care to avert the injury. As to persons not on the railroad, the obligation to observe care begins when the danger is discovered.

The rule that requires a lookout duty in cities and towns and at public or private crossings does not extend to persons on a highway parallel to

the railroad. We would not be understood to mean that a whistle could be blown, or other noises made; unnecessarily and uselessly, and there be no liability, if the employe did not see the danger. Where the law requires the whistle to be blown or bell sounded, it may be done; or where, in the operation of the train, it be· necessary, such blowing the whistle or ringing the bell may be done; but a negligent performance of the duty or a negligent exercise of the right can, in no event, be excused. Bittle v. Camden & A. Railroad Co., 55 N. J. Law, 615, [28 Atl., 305]. Where the law requires the whistle to be sounded or bell rung before reaching a crossing,—as in this State,—and it becomes apparent that the whistle does frighten a horse or team, then, in the exercise of care, the employe in charge of the engine should cease blowing the whistle, and resort to the bell, as the statute provides either mode of giving warning for crossings. Unless the employe in charge of the engine saw that a team was frightened, he could give either of the signals required by statute that the rules of the company or custom requires.

Hudson v. Railroad Co., 14 Bush, 303.

There is no question of contributory negligence raised by the pleadings. The answer presents no such defense.

There was no error in refusing to permit appellant to read the statute to the jury. It is the duty of the court to give to the jury instructions as to the law, and no proof of general laws is required The court properly refused to give the peremptory instruction asked, as there was testimony sufficient to submit the case to the jury.

For the error in giving instructions Nos. 1 and 2 to the jury the judgment is reversed, and cause remanded for a new trial and for proceedings consistent herewith.

(The whole court considered this case.)