CASE 13—ACTION BY MARY J. HOWERTON AGAINST THE LOUISVILLE & N. R. R. Co FOR PERSONAL INJURIES.—MARCH 6.

# Louisville & N. R. R. Co. v. Howerton.

APPEAL FROM SHELBY CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. REVERSED.

RAILROADS—NEGLIGENCE—HORSE FRIGHTENED AT HAND-CAR SIGNAL.

Held: 1. A railroad company is not liable for injuries to one driving a horse, owing to the horse, when about to cross the railway, having become frightened at an approaching hand car operated without unusual noise.

2. It is not negligence on the part of a railway company for a hand car not to give a signal when approaching a crossing.

Louisville & N. R. R. Co. v. Howerton.

WILLIS & WILLIS, ATTORNEYS FOR APPELLANT

The plaintiff alleges that she was driving a gentle horse which became frightened near a crossing of appellant's railroad, at a hand car that was approaching said crossing which was being operated by appellant's servants with gross carelessness and negligence, and but for which the horse would not have been frightened, and thereby causing her horse to run away and throw her out of her buggy and greatly injure her. There is no complaint except the negligence of those in charge of the hand car.

There is no evidence that the hand car was going at an unusual rate of speed, or was making any unseemly or unusual noise; in fact there is not the slightest evidence or intimation of any negligence of any kind or degree on the part of those in charge of the hand car, which was shown by the evidence to have been properly equipped and not going faster than six miles an hour when the horse was seen.

We submit:

1. That negligence is never presumed.

2. That, negligence not having been proven, it was the duty of the court to have given the jury a peremptory instruction to find for the defendant.

3. There is no statute requiring hand cars to stop at crossings, or to give any signal of any kind of their approach to crossings.

4. There being no duty to give signals there can be no negligence in failing to do so.

### AUTHORITIES.

Hudson v. L. & N. R. R. Co., 14 Bush, 306; Ohio Valley R. R. Co's Revr. v. Young, 19 Ky. Law Rep., 158; Dewey v. Chicago, M. & St. P. R. R. Co., 99 Wis., 455; Elliott on Railroads, vol. 3, sec. 1264; L. N. A. & C. R. R. Co. v. Schmidt, 134 Ind., 16; Riley v. N. Y. T. & N. R. R. Co., 90 Md., 53; Thompson v. Dodge, 58 Minn., 555; McCerrin v. Alabama & V. R. R. Co., 72 Miss., 1013; Omaha & Reb. Valley Ry. Co. v. Clark, 38 Neb., 65; P. W. & B. R. R. Co. v. Stinger, 78 Pa. St., 219; Plummer v. N. Y. & H. R. R. Co., 168 Pa. St., 62; Lake Erie & W. R. R. Co. v. Juday, (Ind.) N. E. Rep. vols. 49, 843.

P. J. BEARD, R. F. PEAK, AND GILBERT, PEAK & GILBERT, FOR APPELLEE.

The uncontradicted proof shows that the railroad and turnpike cross at right angles on the same level at the place where appellee's horse was frightened; that the railroad to the right of

said crossing, as appellee approached, is in a deep cut which obstructs the view to the traveler, so that a hand car approaching could not be seen until it was on the crossing.

Appellee and her daughter, who was in the buggy with her, knew there was no train due at that time either way. They were driving carefully and just as they reached the crossing the horse saw the hand car coming rapidly, made a lunge to the left, became unmanageable, threw both her and her daughter out and injured appellee as aforesaid. There was no bell or whistle on the car to give notice of its approach, and no check in its speed as it approached the crossing.

We contend that where the view is obstructed, those in charge of a hand car should approach a crossing with more care than where there is no obstruction. The men on the car were section hands and knew the surroundings, and that persons were likely to be passing over the crossing at that time, and the jury had a right to consider that they failed to exercise that degree of care which the situation demanded.

We do not think that this court will lay it down as the law that a hand car can be operated at a dangerous highway crossing at a rate of speed chosen by the servants of the company, but will let the jury determine from the facts in each case as to whether there has been negligence.

### AUTHORITIES CITED.

L. C. & L. R. R. Co. v. Goetz, 79 Ky., 444; L. & N. R. R. Co. v. Hackman, 17 R., 81; Cahill v. Cin. Ry. Co., 72 Ky., 345; P. & M. R. R. Co. v. Hoehl, 12 Bush, 41.

OPINION OF THE COURT BY JUDGE PAYNTER—REVERSING.

About four miles south of Shelbyville the appellant's track crosses at right angles the public road, forming what is known as the "Keene Crossing." To the right of the crossing, in going from Shelbyville, there is a deep cut. The appellee and her daughter were driving a horse, proven to be gentle, from Shelbyville to their home, over the highway in question. As they approached the crossing, and as the horse's fore feet were over the first rail, it became frightened, swerved to the left, and ran off, which resulted in the appellee being painfully injured. It is claimed that the horse became frightened because the servants and employes

of the appellant operated a hand car with gross negligence and carelessness. The plaintiff did not see the hand car, but, as the horse lunged, her daughter discovered the hand car, which was about 50 or 60 feet away, approaching the crossing through the cut. There was not the slightest evidence introduced which tended to prove that the hand car was operated in an unusual way, or that it was making any unusual noise or sounds. The mere fact that the horse became frightened at the hand car, ran off, and injured the appellee, does not entitle her to maintain this action. She could only maintain it upon the ground that defendant's servants or employes were guilty of negligence resulting in the injury. Hand cars are necessary in the conduct of the business of railroads. They must be used for the purpose of carrying tools and the section forces from point to point in repairing and looking after the track. It is impossible to run them in a noiseless manner. The fact that they are run, and that a horse became frightened by reason of their approach, or the noise which they make, which results in injury to the driver, does not give a cause of action. When trains are run in the ordinary way, and whistles and bells are sounded as the necessities of the business require, and a horse becomes frightened by reason thereof, and damages result therefrom, no action can be maintained therefor. Ohio Valley R. R. Co.'s Receiver v. Young (19 R., 158), 39 S. W., 415. Elliott on Railroads, volume 3, section 1264, says: "A railroad company is not liable for injuries resulting from horses becoming frightened upon a highway at the mere sight of its trains, or noises incident to the running or operation of a railroad." It was held in McCerrin v. Alabama & Vicksburg R. Co., 72 Miss., 1013, 18 South., 420, that because a horse became frightened by the noise of a hand car running over street crossings, and the person

driving the horse was injured, the railroad company was not liable. The court said: "The defendant had the right to operate its car in the usual and customary way, and at a safe rate of speed, but had no right to convert it needlessly into a terror-inspiring thing, and for such departure from propriety would undoubtedly be liable in damages for any injury caused by this negligence to one free from fault; but rapidity of movement, noises, and sudden appearances are common incidents of the operation of railroads, and one complaining of hurt from these causes must show clearly a departure by the defendant from custom and propriety, to warrant recovery. Railroads operating trains and hand cars have the right to make all reasonable and usual noises incident thereto, whether occasioned by escaping steam, griping of cars, etc. Persons whose duties call them near railroads must know that such right exists. There is no law in this State requiring hand cars to give signals as they approach crossings, and we can not say, as a matter of law, that a failure to do so is negligence.

For the reason that the plaintiff failed to show any negligence whatever which produced the injury of which she complains, we are of the opinion that the court should have given the jury a peremptory instruction to find for the defendant.

Judgment is reversed for proceedings consistent with this opinion.

Petition for rehearing by appellee overruled.