## Rowe v. Louisville & Nashville R. R. Co.

(Decided May 24, 1911.)

## Appeal from Whitley Circuit Court.

1. Pleading—Specification of Negligence—When the pleader specifies in what the negligence consists, he is bound by his specifications and cannot introduce evidence supporting other elements of negligence outside of those particularly relied on.

2. Evidence—Failure of Proof—When the evidence on behalf of the plaintiff shows that the defendant was not guilty of the acts of negligence relied on in the petition, the court should instruct the jury to return a verdict for the defendant.

3. Railroads—Crossing Signals—Travelers on a highway parallel with the railroad are entitled to depend upon the fact that crossing signals will be given at the proper place, and such a traveler who has sustained injury by the negligence of the persons in charge of the engine in failing to sound crossing signals may recover damages caused by such negligence if he can connect his injuries with the negligence.

4. Crossing Signals—As the statute requires the persons in charge of the engine to ring the bell or sound the whistle continuously or alternately from the time the crossing signal is first given until the crossing is reached, it is not negligence to sound the whistle during this time, unless it can be shown that the persons in charge of the engine discovered that sounding the whistle was causing a horse being ridden or driven on a parallel highway to become frightened.

5.  Traveler on Highway—Duty of Trainmen as to—Persons in charge of an engine are not required to exercise care to discover the condition of persons traveling on a highway parallel with the railroad, and so they are not required to observe care towards such persons until their peril is discovered.

H. L. BRYANT, R. S. ROSE and S. S. LAWSON for appellant.

CHAS. H. MOORMAN, BENJAMIN D. WARFIELD and HIRAM H. TYE for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Rowe, brought this action against the appellee company to recover damages for injuries to himself and horse alleged to have been sustained through the negligence of its employes in charge of a train. Upon the conclusion of the evidence for the appellant, the court directed the jury to return a verdict for appellee, and it is of this ruling the appellant complains.

The petition averred that the public road upon which appellant was riding crossed at grade the appellee company's track, and then ran parallel with the track for a distance of several hundred yards. That—

"While riding along said public road, the defendant, its agents and employes of their gross negligence and carelessness, so handled, operated and managed its train, engine and whistle as to very severely frighten and scare his said mare, thereby causing her to become unmanageable, and causing her to run away with this plaintiff, through a barbed-wire fence near the road. *  *  * He says that by the negligent and careless operating, handling and controlling of said train, engine and whistle, said mare was scared and forced to break away and through said barbed-wire fence, thereby so cutting and bruising said animal as to permanently injure her. *  *  * Plaintiff says said railroad and dirt road ran within a few feet of each other, and so extend for several hundred yards; that defendant negligently and carelessly caused each and all of said injuries; that defendant, its agents and employes knew or could have known of the danger to plaintiff, and his said animal, in due time to have averted the same, but in lieu of averting same, wantonly, recklessly, negligently and carelessly so blew said whistle and operated, controlled and managed said

train, which train was a freight train and going south on defendant's track, and so negligently and carelessly blew the whistle on the engine of said train as to cause all of the injuries complained of."

The appellant was the only witness introduced in his behalf. He testified in substance that the train that frightened his horse did not give the statutory signals of its approach to the public crossing until after the engine had passed the whistling post erected by the company, and the point at which the whistle should have been first sounded. That after it had passed the whistling post and when the engine was about opposite the point at which he was riding, it sounded the first crossing whistle, and it was this signal that frightened his horse, causing the damage complained of in his petition. He was further permitted to testify over the objection of counsel for appellee that if the crossing whistle had been sounded before the engine reached the whistling post, he could have escaped injury by riding to a place on the public road some distance from the railroad where he could have controlled his horse and avoided the barbed-wire fence into which he plunged; but that he did not know of the approach of the train until it was too late to ride to this place of safety.

Appellant attempted in his evidence to show that the persons in charge of the engine were negligent in two particulars: (1) In not sounding the crossing whistle at the point where it should have been first sounded, and (2) in sounding it when they knew he was traveling close to the track and after they had discovered that his horse was frightened. But, in his petition he only relied on one ground of negligence, namely, the fact that the whistle was sounded when the engine was opposite his horse. It is true the petition in a general way charged that the company was guilty of negligence in the operation of its train, but after making these general allegations it specified that the negligence consisted in the fact that "the employes so blew said whistle and so operated, controlled and managed said train, which train was a freight train and going south on defendant's track, and so negligently and carelessly blew the whistle on said train as to cause all of the injuries complained of," thus limiting the negligence as we understand the averments of the petition to the conduct of the employes in sounding the

whistle when it was sounded, and not in failing to sound it when it should have been sounded. Having thus specified the acts of negligence the company was guilty of, the appellant was not entitled to recover upon evidence that other acts of negligence were committed, nor was evidence conducing to show such other acts of negligence competent. We said in Gaines v. Johnson, 133 Ky., 507:

"It is well settled that when the pleader specifies in what the negligence consists, he is bound by his specifications and can not introduce evidence supporting other elements of negligence outside of those particularly relied on." To the same effect is Lexington Ry. Co. v. Britton, 130 Ky., 677; L. & N. R. R. Co. v. McGary, 104 Ky., 509.

So that, if it should be conceded that the company was guilty of negligence in failing to give the crossing signal at the place it should have been first given in compliance with the statute, this negligence could not avail the appellant, as his right to have his case submitted to the jury depended alone upon the fact that the employes on the engine were guilty of actionable negligence in sounding the crossing whistle at the time and place they did. If there was no negligence in this respect he can not recover. Section 796, of the Kentucky Statutes, provides in part that the engine "bell shall be rung or whistle sounded, outside of incorporated cities and towns, at a distance of at least fifty rods from the place where the road crosses upon the same level any highway or crossing, at which a sign-board is required to be maintained and such bell shall be rung or whistle sounded continuously or alternately until the engine has reached such highway crossing."

As under this statute the persons in charge of the engine are required to either ring the bell or sound the whistle continuously or alternately from the time the crossing signal is first given until the crossing is reached, it is manifest that sounding the whistle during this time is not negligence, unless it should be shown that the persons in charge of the engine discovered that sounding the whistle was causing a horse being ridden or driven on a parallel highway close to the track to become frightened; in which event, it might be negligence to sound the whistle although the statute requires it to be done. In L. & N. R. Co. v. Smith, 107 Ky., 178, the court said:

"The instructions, so far as they permit a recovery for the whistling by which the horses were frightened, if the employes saw that if they continued to blow it would cause the horses to be frightened, are proper and the law; but there is no rule of law that would require employes in charge of an engine to discover the condition of the team or person on a highway running parallel with a railroad. While it is not their duty to discover such things, yet, if the employes do see the apparent danger, it then becomes the duty of such employes to use care to avert injury." To the same effect is L. & N. R. Co. v. McCandless, 123 Ky., 121; Conway v. L. & N. R. Co., 135 Ky., 229.

In this case there is no evidence that the persons in charge of the engine discovered that sounding the whistle would cause appellant's horse to become frightened, and it does not appear that after the fright of the horse was discovered the whistle was again sounded. It is, therefore, apparent that they were not guilty of negligence in sounding the whistle at the time and place they did.

Wherefore, the judgment is affirmed.