## Ray v. Big Sandy & Kentucky River Railway Company.

(Decided July 1, 1924.)

### Appeal from Magoffin Circuit Court.

1. Railroads—Frightening Horse Not Actionable, Unless Caused by Unusual or Unnecessary Operations.—Horseback rider, injured when horse became frightened at steam shovel on flat car being moved, was not entitled to recover, unless fright of horse resulted from some unusual, unnecessary, or negligent act in operation of flat car, it not appearing that railway employes ever saw injured rider.

2. Railroads—Movement of Flat Car with Steam Shovel Held Not Negligent as to Rider Injured by Frightened Horse.—Moving flat car, bearing steam shovel swinging from a crane, but not swinging over side, was not unusual or unnecessary and therefore negligent so as to warrant recovery for injury to a horseback rider

resulting from frightening horse; railroad employes being unconscious of such rider's presence in vicinity.

J. B. ADAMSON, DYSARD & ADAMSON and T. J. ARNETT for appellant.

W. R. PRATER for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Action for personal injuries; negligence pleaded in general terms; judgment for defendant, based on a directed verdict. Plaintiff appeals.

Appellee, the defendant below, Big Sandy & Kentucky River Railway Company, was operating a steam shovel placed on a flat car, located on or adjacent to a public road crossing. It was loading other cars and the engine was present, but was not attached. Below the crossing both roads run parallel with Oakley creek.

The plaintiff, now appellant, and her husband, were riding horseback and came on the Oakley creek road some little distance below the crossing, but at a point from which they could see the steam shovel in operation.

It appeared that the crossing was blocked and they stopped their horses without dismounting and let them graze on the roadside, waiting for the crossing to be cleared. After a time the employes undertook to couple the engine to the cars; the coupling did not connect, but the contact caused the shovel car to roll down grade, in the direction of plaintiff. The brakes were not working on this car and the employes undertook to stop it by placing rails and pieces of wood on the track in front of the wheels and finally succeeded, but not until after it ran by the plaintiff. The shovel was attached to a crane on the car and was swinging in the air, but it does not appear that it extended over the side of the car. Plaintiff's horse was frightened and began plunging, and threw her to the ground, thereby inflicting more or less painful injuries upon her.

Plaintiff saw the train long before the injury and knew it was going to be moved; was waiting for that purpose, hence there is no claim of lack of notice in that particular.

It does not appear that defendant's servants ever saw plaintiff, therefore they did not fail to exercise ordinary care to prevent injury to her, after discovering her peril. It follows that plaintiff was not entitled to recover

unless the fright of the horse resulted from some unusual, unnecessary or negligent act in the operation of the train. 33 Cyc. 1147; Cox v. I. C. R. Co., 142 Ky. 478.

It is urged that it was unusual and unnecessary and therefore negligent for the appellant to permit the car to run along its tracks with a steam shovel swinging from its crane in the manner above described; that such negligent operation was calculated to frighten animals along the railway tracks and upon the adjacent highway; that in this respect it falls within the category denounced in L. & N. v. Howerton, 115 Ky. 89, as quoted from McCarrin v. Ala., etc., Ry. Co., 72 Miss. 1013, in which it was said: "The defendant had the right to operate its car in the usual and customary way and at a safe rate of speed, but had no right to convert it into a terror inspiring thing, and for such departure from propriety, would undoubtedly be liable in damages for any injuries caused by this negligence." However, it is not shown that the crane or shovel projected on either side of the car, or that the shovel was swinging in the direction of plaintiff's horse, or that it was being moved or handled in any other than the usual and customary manner of handling such machinery in moving from place to place while at work on such construction. It must be admitted that such machinery may be properly used and as plaintiff knew just what was being done prior to the movement of the car and was anticipating its movement, and it does not appear there was anything unusual in the movement, we fail to discover any actionable negligence on the part of appellee.

Wherefore judgment is affirmed.