## Chesapeake & Ohio Railway Company v. Robinson.

(Decided December 17, 1926.)

### Appeal from Franklin Circuit Court.

1. Railroads.—Railroad operating train on city street, held not responsible for frightening of team resulting from production of such steam, smoke, noise, dust, or alarm as necessarily resulted from such operation.

2. Railroads.—Servants of railroad operating train on city street, after seeing fright of team and peril of driver, have duty to refrain from doing unusual or unnecessary things calculated to increase fright and peril.

3. Railroads.—As to persons not on railroad operating train on city street which frightened team, obligation to observe care begins when danger is discovered.

4. Railroads—Evidence held insufficient to take to jury question of negligence of railroad operating train on city street, which frightened team.

HUNT, NORTHCUTT & BUSH and MORRIS & JONES for appellant.

LESLIE W. MORRIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

The appellant, herein referred to as the defendant, seeks to reverse a judgment for $2,000.00 recovered against it by the appellee, whom we shall refer to as the plaintiff. The defendant's trains pass through Frankfort, Kentucky, over and along approximately the center of Broadway street. This action was begun by the plaintiff in an effort to recover for personal injuries sustained by him as a result of his team's becoming frightened and running away. On March 16, 1925, the plaintiff left his home near Bridgeport in Franklin county, to go to the Thorn Hill neighborhood, in the same county, to get a hay frame. For this purpose, he had removed the bed or body of his wagon, and to the wagon thus stripped, he had hitched a pair of horses, one of which was a rather spirited animal. Plaintiff was seated on the coupling pole of the wagon driving these horses. About 11:00 a. m. he drove out of Washington street into Broadway street, and turned east on the latter. Defendant's passenger train from Louisville, then moving about seven or eight miles an hour, was entering Frankfort on the track that leads down the center of Broadway street.

Plaintiff claims his team was so frightened by popping off of steam and the noise of this train, that it ran away, throwing the plaintiff from his wagon and inflicting on him injuries, for which he sought to recover. The defendant had the right to operate its train at the time and place it did, in a careful and prudent manner, and it is not responsible for the frightening of teams where such fright results from the production of such steam, smoke, noise, dust or alarm as are inseparable from such an operation, and necessarily result therefrom. See Hudson v. L. & N. R. Co., 14 Bush 303; O. V. R. Co. v. Young, 19 R. 158, 39 S. W. 415; L. & N. R. Co. v. Howerton, 115 Ky. 89, 72 S. W. 760, 103 Am. St. 295; Christie v. L. & N. R. Co., 124 S. W. 796. After defendant's servants in charge of this train saw the fright of this team and the resulting peril of the plaintiff, it was their duty to refrain from doing any unusual or unnecessary thing calculated to increase this fright and peril. L. & N. R. Co. v. Hulette, 171 Ky. 500, 188 S. W. 653. "As to persons not on the railroad, the obligation to observe care begins when the danger is discovered." L. & N. R. Co. v. Smith, 107 Ky. 178, 53 S. W. 269. There is no suggestion in the record that the steam or noise by which this team was frightened was unusual or unnecessary, or that after defendant's servants in charge of the train discovered the plaintiff's peril there was anything they could have done to have averted his injury, except that of the witness, Crumbaugh, who testified that defendant's engineer could have prevented this steam popping off by putting water in the fire, and that this train could have been stopped in about four feet. That evidence is preposterous. A simple calculation based on the distance traveled and speed of this team will show that in less than ten seconds from the fright of this team the plaintiff had fallen from the wagon, his injuries had been inflicted, his peril was at an end, and there is no credible evidence that there was anything that was or could have been done or omitted by the agents of the defendant in that time that would have averted the injury of the plaintiff. No negligence of defendant being established, the jury should have been instructed to find for it.

The judgment is reversed, and defendant is awarded a new trial.