## Robinson v. Chesapeake & Ohio Railway Company.

(Decided January 22, 1929.)

L. W. MORRIS for appellant.

HUNT, NORTHCUTT & BUSH and MORRIS & JONES for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is the second appeal of this case. On the first trial appellant obtained a judgment for $2,000, which was reversed, with directions to the lower court to instruct the jury to return a verdict for the railroad company, if the evidence should be substantially the same on another trial. A peremptory was given by the court on the last trial, and appellant is complaining because he thinks he made out a case which should have been submitted to a jury. The facts in the main are stated in the former opinion. 219 Ky. 26, 292 S. W. 485. The additional evidence introduced relates to measurements and distances, and appellant presents a more favorable case to the court than he did on the first appeal. He is contending now that the engineer in charge of the train saw that appellant's horses were frightened, as the team was traveling parallel with the railroad tracks, a sufficient length of time before the team became so frightened as to run away and injure appellant to have done something to lessen the noises of the train and thereby allay the fright of the team. Undoubtedly it was the duty of appellee, in the operation of its train, to exercise ordinary care to avoid causing an injury to appellant after it discovered his peril if his peril was so discovered.

The evidence tends to show that the engineer discovered the peril of appellant in time to have stopped his train, which was proceeding at the rate of about seven miles an hour, if the stopping of the train should be required in the exercise of ordinary care under such circumstances. The same evidence, however, or similar evidence, appeared in the record on the first trial. The engineer testified on the first trial substantially as he did on the last trial. An examination of the record on the former appeal, and an examination of the very vigorous petition for a rehearing filed in that case by the appel-

lant in this case, is rather convincing that the appellant here was making the same argument on the former appeal as he is making now. He strengthened his evidence somewhat, but there was substantially the same evidence in the record before as appears on the present appeal, although the opinion of the court in that case appears to have made comment on evidence offered by the appellant on the first trial which very weakly supported him, if it supported him at all. That does not remove the fact, however, that there was evidence on the former trial that the engineer discovered the peril of appellant when the train was far enough away to have in some measure ceased the usual and necessary noises. There is no attempt to show that the noises were unusual or unnecessary.

The opinion on the former appeal is the law of this case, and that is true whether the former opinion is sound or unsound. The duty of appellee, as stated in the former opinion, after discovering that the team of appellant was frightened, was expressed in this language:

"After defendant's servants in charge of this train saw the fright of this team and the resulting peril of the plaintiff, it was their duty to refrain from doing any unusual or unnecessary thing calculated to increase this fright and peril."

Appellant contends that the authorities cited in the former opinion touching this point relate only to the duty of those operating a train to refrain from doing any unusual or unnecesasry thing calculated to frighten a team in the first place, and that it does not apply in cases where the peril of a person is discovered and is a continuing peril. This court did not so hold on the former opinion, and we are bound by that opinion. The rule is probably better stated in the case of Louisville & N. R. Co. v. Smith, 107 Ky. 178, 53 S. W. 269, 21 Ky. Law Rep. 857, where, in a similar case, the court said:

"While it is not their (the employees of a railroad company) duty to discover such things, yet if the employees do see the apparent danger, it then becomes the duty of such employees to use care to avert the injury. As to persons not on the railroad, the obligation to observe care begins when the danger is discovered."

The court further said in the same case:

"Where the law requires the whistle to be sounded or bell rung before reaching a crossing—as in this state—and it becomes apparent that the whistle does frighten a horse or team, then, in the exercise of care, the employee in charge of the engine should cease blowing the whistle, and resort to the bell, as the statute provides either mode of giving warnings for crossings. Unless the employee in charge of the engine saw that a team was frightened, he could give either of the signals required by statute that the rules of the company or custom requires."

Again, in the case of Kentucky & I. Bridge Co. v. Montgomery, 139 Ky. 574, 67 S. W. 1008, 68 S. W. 1097, 24 Ky. Law Rep. 167, 57 L. R. A. 781, this court said:

"The opinion in case of L. & N. R. R. Co. v. Smith (107 Ky. 178, 53 S. W. 269) 21 Ky. Law Rep. 857, is relied on. That case recognizes a principle which we believe to be sound, and in no wise in conflict with the one applied by the trial court in this case. In the Smith case the traveler was upon a highway running parallel to the railroad. His horse took fright at the train. The court told the jury that if the employees in charge of the engine could have known by the use of ordinary care that the continued whistling would cause plaintiff to lose control of his team, a recovery for plaintiff would be authorized for injuries caused by the act. This court held that the continued whistling after those in charge of the engine saw that plaintiff's horses were frightened, was negligence."

Again in the case of Louisville & N. R. Co. v. McCandless, 123 Ky. 121, 93 S. W. 1041, 29 Ky. Law Rep. 563, this court approved the principle of law announced in the case of Louisville & N. R. Co. v. Smith, supra.

Again in the case of Illinois Central R. Co. v. Martin, 110 S. W. 815, 33 Ky. Law Rep. 666, this court said:

"As there was some evidence that the men on the engine were looking at Martin and saw the danger in which he was placed, the motion of the defendant that the jury be instructed peremptorily

to find for it was properly overruled. When those in charge of a railroad train see that a team is frightened on an abutting highway, they should use such care as may be usually expected of an ordinarily prudent person under the circumstances for the safety of the traveler on the highway. They are not required to watch the highway, but, when they do perceive the danger in which a traveler has been placed, they may not recklessly disregard his safety and sound the whistle unnecessarily, when they know that to do so will increase his peril. In running the train they are the agents of the defendant, and their negligence in running the train is the negligence of the defendant.''

In addition to the cases above cited we call attention to the cases of Cox v. Illinois Central R. Co., 142 Ky. 478, 134 S. W. 911, 32 L. R. A. (N. S.) 831; Conway v. L. & N. R. Co., 135 Ky. 229, 119 S. W. 206, 122 S. W. 136; Rowe v. L. & N. R. Co., 143 Ky. 823, 137 S. W. 511; Louisville & N. R. Co. v. Harrod's Adm'r, 155 Ky. 157, 159 S. W. 685, 47 L. R. A. (N. S.) 918; Griffin v. C. & O. R. Co., 169 Ky. 522, 184 S. W. 888—all approving the same principle. We deduce from these cases that those in charge of a railroad train are under no duty to keep a lookout for travelers on a highway running parallel to the tracks, and that a railroad company cannot be held responsible for frightening a team on such a highway, unless it does so by reason of things unnecessary and unusual in the operation of its trains, which are calculated to cause the team to take fright. After a team has become frightened, however, and its fright is discovered by those in charge of the train, it is their duty to exercise such care as a prudent person engaged in a similar or like business would exercise under similar circumstanes not to increase the fright of the team.

For a full and complete discussion of the question as to when a railroad company may be held responsible in damages for frightening a team on a public highway, we call attention to the case of Louisville & N. R. Co. v. Hulette, 171 Ky. 500, 188 S. W. 653. This is a well considered opinion bringing together all of the authorities on that point, but it does not deal with the question as to the duty of those in charge of a railroad train after they discover that a team has become frightened, or as to the

duty of such operative not to increase the fright of the team. There is no conflict in the authorities, and all of them recognize a sharp distinction between the cases where the noises or sudden appearance of a train cause the fright of a team on a highway which resulted in an injury and the cases where the operation of the train, after the discovery that the team had been frightened, resulting in increasing its fright, thereby causing the injury.

The former opinion in this case is the law governing the second trial and this appeal. That opinion shows that it was written upon the idea that appellant sought damages because the persons in charge of the railroad train, through its operation, scared his team in the first place, and not that the conduct of such persons, after discovering that the team was frightened, accentuated its fright. Measuring the evidence produced on the second trial by the opinion on the former appeal, we must hold that the court did not err in sustaining the motion of appellee for a peremptory instruction telling the jury to return a verdict for it.

Judgment affirmed.