# LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* WOODFORD.

## ERROR TO THE COURT OF APPEALS OF THE STATE OF KENTUCKY.

No. 531. Motion to dismiss submitted March 23, 1914.—Decided May 25, 1914.

In order that the denial of a Federal right may be the basis of reviewing the judgment of the state court, the claim of Federal right must be made in the state court in the manner required by the state practice, and unless there is an unwarranted resort to rules of practice by the state court to evade decision of the Federal question, this court will not review the judgment.

Raising the Federal claim of right on motion for new trial is not sufficient unless the court actually passes upon and denies the claim; and a decision by the appellate court that the Federal claim was not properly raised is not a denial of the Federal right but merely an enforcement of a rule of state practice.

Writ of error to review 152 Kentucky, 398, dismissed.

THE facts, which involve the jurisdiction of this court under § 237, Judicial Code, are stated in the opinion.

*Mr. Robert B. Franklin* and *Mr. Robert C. Talbott,* for defendants in error, in support of the motion.

*Mr. Charles H. Moorman, Mr. Benjamin D. Warfield, Mr. Henry L. Stone* and *Mr. Robert A. Thornton,* for plaintiff in error, in opposition to the motion:

By operation of law, the Carmack Amendment was written into the live-stock contract under which the shipment in this case was made, and that amendment repealed § 196, Ky. Const., as to such shipment. *Adams Exp. Co.* v. *Croninger,* 226 U. S. 491; *Adams Exp. Co.* v. *Walker,*

119 Kentucky, 121; *C., B. & Q. Ry. Co.* v. *Miller*, 226 U. S. 513; *C., M. & St. P. Ry. Co.* v. *Solan*, 169 U. S. 133; *C., N. O. & T. P. Ry. Co.* v. *Dodd*, 153 Kentucky, 845; *Same* v. *Goode*, 153 Kentucky, 247; *S. C.*, 155 Kentucky, 153; *Same* v. *Rankin*, 153 Kentucky, 730; *C., St. P. &c. Ry. Co.* v. *Latta*, 226 U. S. 519; *K. C. Sou. Ry. Co.* v. *Carl*, 227 U. S. 639; *M., K. & T. Ry. Co.* v. *Harriman*, 227 U. S. 657; *Penna. R. R. Co.* v. *Hughes*, 191 U. S. 477; *Southern Ex. Co.* v. *Fox*, 131 Kentucky, 257.

The Court of Appeals of Kentucky erred in holding that the live-stock contract was not pleaded; in refusing to apply the Carmack Amendment; and in holding that the Kentucky law applied in the absence of express reliance upon the Federal law in plaintiff in error's pleadings. *Adams Exp. Co.* v. *Croninger*, 226 U. S. 491; *M. C. R. Co.* v. *Vreeland*, 227 U. S. 59; *M., K. & T. Ry. Co.* v. *Wulf*, 226 U. S. 570; *St. L. & S. F. Ry. Co.* v. *Seale*, 229 U. S. 156; *Wells, Fargo Co.* v. *Neiman-Marcus Co.*, 227 U. S. 469.

This case does not fall under the third clause, but under the second clause, of § 709, Rev. Stat. *Chapman* v. *Goodnow*, 123 U. S. 540, 548; *Columbia Water Co.* v. *C. E. St. Ry. Co.*, 172 U. S. 475, 488; *Erie R. Co.* v. *Purdy*, 185 U. S. 153; *French* v. *Hopkins*, 124 U. S. 524; *Morrison* v. *Watson*, 154 U. S. 111; *McCulloch* v. *Maryland*, 4 Wheat. 316; *Second Employers' Liability Cases*, 223 U. S. 1, 53, 54; *Y. & M. V. R. Co.* v. *Adams*, 180 U. S. 1.

There was no intentional relinquishment by plaintiff in error of a known right; therefore, there was no waiver amounting to an estoppel. 29 Am. & Eng. Encyc. Law (2d ed.), 1091, 1095; *Cable* v. *U. S. Life Ins. Co.*, 111 Fed. Rep. 19, 31; *Christianson* v. *Carleton*, 69 Vermont, 91; *First Nat. Bank* v. *Hartford Ins. Co.*, 45 Connecticut, 25, 44; *Rice* v. *Fid. & Dep. Co.*, 103 Fed. Rep. 427, 435; *Stackhouse* v. *Barnston*, 10 Vesey, Jr. 466; *Wells, Fargo Co.* v. *Neiman-Marcus Co.*, 227 U. S. 469.

MR. JUSTICE DAY delivered the opinion of the court.

Catesby Woodford and John T. Ireland, defendants in error, plaintiffs below, brought suit in the Fayette Circuit Court, of Kentucky, against The Louisville and Nashville Railroad Company, plaintiff in error, defendant below, to recover damages for the loss of a number of race horses and injury to others shipped by them on November 17, 1910, over the lines of the defendant from Lexington, Kentucky, to Juarez, Mexico. There was a verdict for the plaintiffs in the trial court, judgment upon which was affirmed by the Court of Appeals of Kentucky (152 Kentucky, 398), and the case is here upon writ of error.

The amended petition contained an allegation that the defendant agreed by contract entered into in Fayette County, Kentucky, to transport the horses from Lexington to Juarez, and set forth the cause and extent of the loss to plaintiffs. The defendant answered, traversing the allegations of the petition and pleading contributory negligence, and the plaintiffs filed their reply. The defendant by motion sought to have the contract sued upon, which it alleged was in writing, filed as an exhibit to the petition, and subsequently the plaintiffs filed the contract of shipment and the same was noted of record. It provided, among other things, that, in consideration of the reduced rate, the extent of the damages for which the defendant would be liable should not exceed $150 for a stallion or jack, and $100 for a horse or mule, the agreed value of the animals, and across the face of the contract were stamped the following words: "The attention of shippers has been called to the terms, conditions, value, etc., herein named." It also appears that the contract of shipment was produced and filed in evidence by the plaintiffs.

One of the instructions requested by the defendant was to the effect that if the jury found for the plaintiffs they

should fix the damages at the fair market value of the horses killed and the difference in value before and after the injury of the other horses. After verdict and judgment for plaintiffs, the defendant filed its motion and grounds, and additional grounds, for a new trial, none of which, however, were based upon the provisions of the contract of shipment or any act of Congress. The court in over-ruling the motion said, however, that it had also heard counsel "upon the Federal question raised by the defendant as to whether the contract in question for the transportation of said colts and fillies mentioned in the petition from Lexington, Kentucky, to Juarez, in the Republic of Mexico, was in violation of the provisions, or of any of them, of an act of Congress of the United States entitled an act to regulate commerce, approved February 4, 1887," as amended, "and having considered the said motion and grounds for a new trial of this cause, and having also considered the said Federal question and being of the opinion that said contract did not and does not violate any of the provisions of said act of Congress, the motion is hereby overruled and a new trial is refused."

The case was taken by appeal to the Court of Appeals of Kentucky. After submission of the case to that court, the defendant filed a supplemental brief, urging the application of the law of the case of *Adams Express Co.* v. *Croninger,* 226 U. S. 491, and further insisted upon such application in its brief in reply to the plaintiffs' reply brief. The Court of Appeals noticed that the claim that the law of the *Croninger Case* controlled was first suggested by defendant in its supplemental brief, after submission of the case to that court, and that the case had been tried under the rule of law in Kentucky that a contract relieving a carrier from its common-law liability and limiting recovery to less than the value of the property carried is in violation of the Kentucky constitution, and held that it was elementary that questions not raised in the trial court in an ap-

propriate way, which by the Code of Practice of Kentucky is in writing, would not be considered on appeal, and, after detailing the proceedings in the trial court, concluded that no Federal question had thus been made. The defendant by petition for rehearing again insisted that the Federal question had been properly presented, but the Court of Appeals, admitting that state courts must take judicial notice of acts of Congress and that it was not essential that the Federal question should have been raised in any special form in the trial court, held that the facts on which such question rested must be presented in the record; that the provisions of the written contract, upon which the defendant then relied, not having been pleaded, no Federal question was presented, and moreover, that the defendant had asked for an instruction inconsistent with the view then presented, and conducted its case throughout the trial on that basis (153 Kentucky, 185).

That the defendant was entitled to make a defense under the Act to Regulate Commerce, as amended (June 29, 1906, c. 3591, 34 Stat. 584) is evidently an afterthought. The case was tried upon the theory that the Kentucky constitution and statutes were controlling, and it was not until after the decision of *Adams Express Co.* v. *Croninger, supra,* that an attempt was made to claim the benefit of the bill of lading based upon schedules filed with the Interstate Commerce Commission. It is true that a written bill of lading showing a limitation of $100 in value for each horse was filed in the case by the plaintiff below after the motion of the defendant had been filed, as the amended record discloses, but in order to assert this defense it was necessary not only to have the contract filed but that the defendant below should set up the facts showing that such defense was available to it. No pleading was filed by the defendant alleging compliance with the Act to Regulate Commerce by the filing of schedules containing the limitation as to the liability upon which

reliance is now placed.  As we have already said, the record discloses that at the trial the defendant instead of relying upon the limited liability now claimed, entirely ignoring such limitation, itself asked and obtained an instruction that if the jury should find for the plaintiff it should fix the damages in such sum as would represent the loss suffered.  Of course, the request to give this instruction was entirely inconsistent with the claim of limited liability under the Federal statute.

If a Federal question can be said to be involved at all, it was introduced into the record upon the argument of the motion for a new trial.  Disposing of that question the Court of Appeals of Kentucky set forth that the question was not raised by the pleadings or requested instructions, or by motion for a new trial or written motion of any kind, and concluded that it must have been raised orally.  It pointed out that under the Kentucky Code of Practice such contentions were required to be in writing, and that if the defendant desired to take advantage of its limited liability it must under the code of the State specifically rely upon that defense in its answer.  In making this holding, the Kentucky court but enforced a rule of practice of that State.  The decisions of this court not only have repeatedly held that a Federal right in order to be reviewable here must be set up and denied in the state court, but have often held that such claim of denial is not properly brought to the attention of this court where it appears that the state court declined to pass upon the question because it was not raised in the trial court as required by the state practice.  *Schuyler Nat'l Bank* v. *Bollong*, 150 U. S. 85; *Erie R. R. Co.* v. *Purdy*, 185 U. S. 148; *Layton* v. *Missouri*, 187 U. S. 356.  In this case there is no reason to believe that there was an attempt on the part of the state court to evade the decision of Federal questions, duly set up, by unwarranted resort to alleged rules under local practice, and upon this

point this case comes within former rulings of this court, as we have seen.

As to the contention that the case really raised a Federal question because it involved the constitutional validity of a state statute when opposed to the exclusive rights secured under a Federal law,—an examination of the record shows that no such question was made in the state court, nor was it necessarily involved in the decision made in such sense as to make the case reviewable here on that ground.

*It follows that the case must be dismissed for want of jurisdiction.*