## Paintsville Hay and Feed Store v. Vanhoose-Maggard Company.

(Decided November 9, 1926.)

### Appeal from Johnson Circuit Court.

1. Sales.—In action by seller against buyer, evidence held to sustain finding that merchandise was sold outright and not merely shipped on consignment.

2.   Appeal and Error.—Mere assertion in brief, without argument or authority, that appellant was denied credit for particular items, is insufficient to require court to search record for error.

W. G. WELLS for appellant.

FRED HOWES for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Appellee, Van Hoose-Maggard Company, instituted this action to recover from appellant, Paintville Hay and Feed Store, $682.09, balance alleged to be due for goods, wares and merchandise sold to it.   By answer appellant denied that it owed appellee anything on the account sued on, and sought to recover from it on a counterclaim $112.48, the alleged balance due it.   Issue was joined by reply.   On motion for plaintiff the action was transferred to the equity docket and referred to the court's commissioner for settlement of the accounts.   The commissioner found in favor of appellee the full amount sued for and against appellant on the counterclaim.   The chancellor overruled the exceptions to the commissioner's report, confirmed it, and adjudged that appellee recover of appellant the amount sued for, with interest and cost.   Hence the appeal.

The chief question in issue between the parties is whether a certain carload of merchandise consisting of 175 barrels of flour, 100 bags of oats, and 50 bags of middlings, invoiced at $1,606.00, shipped June 18, 1923, was sold outright by appellee to appellant, or was merely consigned to it, under an arrangement whereby the title remained in appellee and appellant would be liable for only such portion of it as it sold.   While appellant introduced some testimony tending to establish that the car of merchandise was consigned to it under that arrangement, the testimony as a whole on the question clearly establishes that the shipment was a sale rather than a consignment.   That is made to appear by the testimony of appellee's salesman who made the sale, who was introduced as a witness for appellant, by the order for the shipment in question which appellant signed, by the invoice sent to appellant when the shipment was made which it received and concerning which it raised no question until this action was instituted, and by all the testimony introduced for appellee.   Appellant's counterclaim

and its asserted right to credit on the account sued on grew largely out of its contention that the car of flour, oats and middlings shipped June 18, 1923, was merely consigned to it. The evidence on the question clearly preponderates in favor of the judgment of the chancellor and leaves no ground for the conclusion that the judgment in that particular was erroneous.

By brief filed for appellant herein eight items aggregating $228.59 are listed, and the assertion is made that appellee failed to give appellant credit by those eight items. No reference is made to the record, or to the testimony of any witness, or to any exhibit filed herein to support the bare assertion. In Kennedy v. Hicks, 180 Ky. 562, 203 S. W. 318, we announced this rule:

> "We cannot refrain from stating here that upon this interesting question counsel for appellants in their brief have presented neither argument nor authority, other than their own assertion; and counsel for appellees have not favored us with any brief, which places upon the court, if the question is to be discussed in the opinion in a manner justifying its recognition hereafter as authoritative precedent, a burden of research that ought to be borne or attempted at least by counsel and that interferes materially with out efforts to relieve the congested condition of our docket."

The same rule was written in these words in McCorkle v. Chapman, 181 Ky. 607, 205 S. W. 682:

> "When counsel for appellant does not point out in his brief any point in the judgment appealed from, or assign any reason why it should be reversed, the court, having neither the time nor the inclination to hunt for errors that might justify a reversal, will assume that the judgment appealed from is correct, and affirm it."

See also Caudill v. Caudill, 212 Ky. 433, and the other opinions of this court therein cited.

Here the matters in dispute between the parties growing out of numerous mercantile transactions between them were considered by the commissioner to whom the action was referred for settlement after he had heard all of the evidence introduced before him by the parties relating to the controversy. He found that

appellee was entitled to the full amount sued for and that appellant's counterclaim was not supported by the evidence. The chancellor then heard the issues in controversy on exceptions to the commissioner's report, and had the advantage of argument of counsel for appellant and appellee to point out the evidence supporting their respective contentions as to the particulars in which the commissioner may or may not have erred, appropriate arguments based upon the testimony of the witnesses and the exhibits on file herein, amounting in effect to an accounting to establish the true status of the accounts between them. The chancellor concluded, as did the commissioner, that appellee was entitled to a judgment for the full amount sued for, and that appellant was entitled to nothing on its counterclaim. Counsel for appellant insists that upon his mere assertion that appellant was not credited with $228.59 to which it was entitled, without any assistance whatever, this court should search the record, make a new audit of the accounts between the parties, review all the testimony, including a great number of exhibits relative to the great number of items thereof, in the hopes that if we do so we will be able to find that his unsupported assertion that appellant was entitled to credit by $228.59 which he did not receive will be found to be true. That is the character of work which, under the circumstances obtaining herein, this court has never felt that it should undertake. As the opinions cited, *supra,* will disclose, in cases where counsel for appellant in their brief present neither argument nor authority other than their own assertion tending to establish that the judgment appealed from is erroneous, the court will assume that it is correct and affirm it.

For the reasons indicated herein, the judgment is affirmed.