## Louisville Fire Brick Works v. Tackett.

(Decided November 23, 1926.)

### Appeal from Carter Circuit Court.

1.  Pleading—Where Plaintiff's Amended Petition, in Addition to Setting up Another Cause of Action, Reiterated all Allegations of Original Pleading, he should Not be Required to Elect which Cause of Action he would Prosecute.—Where plaintiff's amended petition in second trial, in addition to setting up another cause of action, reiterated and reaffirmed all allegations of original pleading, he should not be required to elect which cause of action he would prosecute, where he did not abandon cause set up in original petition.

2.  Appeal and Error.—Opinion on former appeal is the law of the case in same action, and precludes lower and appellate court from considering questions there decided.

3.  Damages—$4,000.00 Held Not Excessive where Pelvic Bone and Bones of Foot were Fractured and Permanent Injuries Received which Decreased Earning Power One-fourth.—$4,000.00 verdict held not excessive, where plaintiff was confined in hospital for 30 days, walked on crutches for six or seven months, and suffered fractures of pelvic bone and bones of foot, decreasing his earning power by one-fourth.

JOHN M. THEOBALD and FRED FORCHT for appellant.

WAUGH & HOWERTON for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

This is a second appeal. A statement of the facts and legal questions involved appears in the the former opinion, reported in 203 Ky. 367, and but little need be added thereto.

Appellee, a miner, while removing clay from a room of appellant's mine, was injured by a quantity of slate which fell upon him from the roof. In the original petition his cause of action was based on the failure of the defendant to furnish him with a reasonably safe place in

which to work. On the first trial he recovered a judgment for $6,000.00. In the appeal from that judgment the points chiefly emphasized by appellant were that the petition was defective in failing to allege that plaintiff did not know the dangerous condition of the room in which he was working, and "that the court erred in instructing the jury upon the 'safe place doctrine' rather than upon the theory that the place was made dangerous by the work the plaintiff was engaged in doing."

This court held that as practiced in that trial the defect in the petition was cured by the verdict. It also held that the facts of the case brought it within the "safe place doctrine," and that the trial court did not err in instructing the jury on that theory, the form and sufficiency of the given instructions being tacitly approved. But the opinion continued:

> "There was evidence, however, for plaintiff, that defendant's mine foreman and timberman, after being notified by plaintiff of the condition of the mine roof, promised to timber it, and that the foreman directed him in the meantime to load out the fireclay already shot down. On the other hand, the evidence for the defendant is, that after plaintiff called attention to his roof, he was told to stay out from under it until it could be timbered. Under all the proof the roof fell and hurt plaintiff while he was loading out the fireclay previously shot down, and shortly after he called the foreman's attention to his roof.
>
> "So the jury should have been instructed, but were not, on this, the real issue on the proof. No instruction was offered, however, correctly, or even directly, submitting this issue, but we have finally concluded that instructions three and four, offered by defendant, sufficiently suggested the issue to require the court to submit it, and that for this error the judgment ought to be reversed, in order that this issue of fact really determinative of the case, may be clearly submitted to and decided by the jury."

On the return of the case plaintiff filed an amended petition correcting the defects mentioned above and elaborating the issues suggested by the court as its ground of reversal. The defendant moved the court to require

plaintiff to elect which of the two causes of action he would prosecute, that set up in the original petition or that relied on in the amended petition. This was overruled and issues joined. On a second trial substantially the same evidence was introduced as on the first and the same instructions were given, with the addition of others covering the issues suggested by this court in its former opinion. Plaintiff recovered $4,000.00 and defendant appeals.

It is strongly argued that under the facts plaintiff's only cause of action is that set up in the amended petition; that this pleading was inconsistent with the original petition and in relying upon it plaintiff abandoned his original cause of action; that therefore the court erred in failing to require him to elect, and also in submitting the issues joined in the original petition. Evidently plaintiff did not abandon the cause of action set up in his original petition, as the amendment positively reiterated and reaffirmed all the allegations of the original pleading. Nor did the court err in overruling the motion to require plaintiff to elect which of the two alleged inconsistent causes of action stated in his pleadings he would prosecute; nor in instructing the jury upon both grounds of recovery; because in the opinion, *supra*, the court approved the action of the trial court in submitting the issues tendered by the original petition and tacitly approved the instructions given thereon as well as formally directed instructions to be given on the ''assurance of safety'' theory in another trial. That opinion was the law of the case and precludes both the lower court and this court from a further consideration of the questions there decided. This, of course, would apply to the form of instructions given in the first trial.

It is next urged that the verdict is excessive. The first verdict was for $6,000.00 and this one for $4,000.00. It appears that as much as a ton of slate fell on the plaintiff; that he was confined in the hospital for thirty days; walked on crutches for six or seven months; that the pelvic bone was fractured, as were the metatarsal bones in his foot, and that he still suffers from these injuries, and according to the testimony of a physician given six years after the injury, his ability to earn money is decreased one-fourth and some of his injuries are permanent, hence it cannot be said that the verdict is excessive. Other questions are raised on the

motion for a new trial but not relied upon in brief for appellant. However, we have considered them and reached the conclusion that they are without merit.

Wherefore, the judgment is affirmed.

Judge Dietzman not sitting.