# Murphy v. Pinson et al.

(Decided October 15, 1929.)

J. C. CANTRILL for appellant.

A. E. AUXIER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing in part and affirming in part.

John A. Murphy obtained a judgment against J. M. Pinson for $500 with interest and cost. He had an execution issued which was levied upon a tract of land owned by Pinson and his wife jointly. Under the execution the sheriff sold the land and Pinson moved to quash the execution and set aside the sale on the ground that he was entitled to a homestead in the land. These motions were overruled and Pinson appealed. The judgment was reversed. The opinion concludes with these words: "It therefore appears that practically all the steps and orders in this case from the time of the issual of the execution were and are erroneous and radically departed from the practice as well as the applicable law to the facts, and because of which the judgment is reversed, with directions to sustain the motion to set aside the sale and to set it aside and to quash the levy of the execution because it did not comply with the provisions of section 1703 of the Statutes, nor did it purport to be levied on appellee's half undivided interest in the tract of land, with directions to sustain the motion for an allowance of $1,000 exemptions to appellant, and for other proceedings consistent with this opinion." Pinson v. Murphy, 220 Ky. 470, 295 S. W. 442, 445.

On the return of the case to the circuit court, Murphy tendered an amended petition, alleging that Mrs. Pinson owned one-half the land and praying a division of the land and a sale of Pinson's half after it was allotted. Pinson objected to the filing of the amended petition, his objection was sustained, and the court then entered an order canceling the deed that had

been made in the former sheriff's sale, adjudging that Pinson was entitled to the allotment of a homestead in his one-half of the land, directing the clerk to issue a new execution and directing the sheriff to proceed to allot to Pinson the homestead to the value of a thousand dollars in his undivided half of the land, as provided by the law in such cases, and after the allotment was made to sell the remainder of the land under the execution. The execution was issued and delivered to the sheriff, who, as provided by the statute, appointed appraisers. The appraisers fixed the value of Pinson's half of the farm at $3,000, and also reported that they were unable to allot a homestead in kind out of the land, but did allot to him as a homestead the sum of $1,000, to be realized from the proceeds of this sale. The sheriff thereupon sold Pinson's one-half interest under the execution. W. B. Pinson was the purchaser for $1,751, and executed bond. Pinson filed exceptions to the sale and so did the purchaser, W. B. Pinson, on the ground, among others, that the land was adjudged to J. M. Pinson as a homestead by the district court of Kentucky in an action pending in which Hayes Picklesimer as receiver was plaintiff and J. M. Pinson and others were defendants. The court upon hearing the exceptions sustained them and set aside the sale, holding the judgment in the United States court conclusive. Murphy again appeals.

The judgment of the United States court and the proceedings had therein were all pleaded in the original exceptions and were before this court and relied on when the case was here before. While this judgment is not in terms referred to in the opinion, the matter is clearly concluded by the opinion of this court on the former appeal. In that case the judgment was reversed "with directions to sustain the motion for an allowance of $1,000 exemptions to appellant and for other proceedings consistent with this opinion." Under that mandate Pinson is only entitled to an exemption of $1,000, and that opinion is the law of the case. If the court made any mistake in that opinion, it was incumbent upon Pinson to have the mistake corrected in that case. Litigation would be interminable if such a practice as was here followed is permitted. The order which the court entered on the return of the case literally followed the mandate of this court. No substantial error is pointed out in the proceedings, and on the whole case the circuit court should have overruled the exceptions to the sale and enforced it.

On original appeal, judgment reversed, and cause remanded for a judgment and further proceedings consistent herewith, on the cross-appeal the judgment is affirmed.