## Williams v. Commonwealth.

(Decided March 22, 1935.)

J. L. WILLIAMS for appellant.

BAILEY P. WOOTTON, Attorney General, and RAY L. MURPHY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

In 1933 Isaac Simpson was shot and killed in Wallins, Harlan county, Ky. The shot that killed him was fired from the home of Jasper Williams. Shortly thereafter Jasper Williams and his son, Paul Williams, who lived there with his father, were jointly indicted by the Harlan county grand jury, charging them with murder.

Upon trial they were convicted of voluntary manslaughter. Upon appeal the judgment was reversed and cause remanded for a new trial. All the material facts of the case and issues presented by the record and decided upon that appeal may be found in the court's opinion recorded in 254 Ky. 277, 71 S. W. (2d) 626, and therefore need not be here again repeated.

Upon the remand and second trial of this cause, Jasper Williams and his son, Paul, were again found guilty of the offense of voluntary manslaughter, and each sentenced to serve fifteen years in the penitentiary. Jasper Williams has appealed.

As grounds for a second reversal, it is insisted that the trial court erred: (1) In overruling the appellant's motion to quash the indictment; (2) in admitting irrelevant and rejecting competent evidence; (3) in allowing erroneous and prejudicial argument by the commonwealth's attorney; and (4) in sending to Laurel county to secure a jury to try the appellant, when indicted and thereupon tried in Harlan county.

In view of the conclusion we have reached as to the fourth objection, we deem it unnecessary to more than very briefly discuss the other assignments of error presented.

The first of these grounds, insisting that the trial court erred in overruling appellant's motion to quash the indictment, is, we find, without merit, for the reason that it is, as again made upon the second trial, supported by affidavits stating only the same general grounds as those presented and argued for quashing the indictment in the first trial, which were held insufficient and the motion overruled. On the first appeal, we approved this criticized ruling of the trial court, saying:

"Before the prosecution was called for trial, the Williamses entered a motion to set aside and quash the indictment, basing it upon affidavits merely reciting the defendants 'are informed, believe and allege the grand jury which returned the indictment against them was not drawn from the wheel and their names announced publicly as required by law.' With no more before the court than this indefinite, speculative statement, the court properly overruled their motion to quash the indictment."

Such having been our adverse determination, upon the first appeal, of appellant's motion to quash, it is apparent that this ground of objection is now foreclosed and precluded from further consideration as coming within "the law of the case rule," declaring that the law of the case, as once declared upon appeal, is the law of the case in all subsequent proceedings. Landers v. Tracy, 171 Ky. 657, 188 S. W. 763; Louisville Fire Brick Works v. Tackett, 216 Ky. 712, 288 S. W. 665; Murphy v. Pinson, 231 Ky. 461, 21 S. W. (2d) 824. Upon the authority of such prior determination of this same question upon the first appeal, as constituting the law of the case controlling upon this, we are of the opinion

that the trial court properly overruled the motion here again made to quash the indictment.

As to the next objection, complaining of the alleged admission and rejection of evidence, it is sufficient answer thereto that appellant, though perfunctorily raising such complaint, has yet failed to specify the evidence to which his criticism is directed, and therefore we must decline acceptance of the invitation thus given to search the record for discovery of errors only vaguely suggested committed and somewhere lurking in it. This rule of practice is well known and generally understood to be that the one alleging error committed in the reception and rejection of evidence must specify and point out such error in brief. Louisville & N. R. Co. v. Woodford, 152 Ky. 398, 153 S. W. 722; Id., 234 U. S. 46, 34 S. Ct. 739, 58 L. Ed. 1202; Peake v. Thomas, 222 Ky. 405, 300 S. W. 885; Paintsville Hay & Feed Store v. Vanhoose-Maggard Co., 216 Ky. 414, 287 S. W. 916; Moore v. Brandenburg, 234 Ky. 400, 28 S. W. (2d) 477.

The next or third objection assigned is the court's alleged error in failing to discharge the jury and to declare a mistrial upon the appellant's motion therefor, based upon the court's permitting alleged erroneous and prejudicial argument to be made by the commonwealth's attorney upon final argument of the case.

The trial court overruled this motion upon the ground that the argument complained of presented but the commonwealth's deductions drawn from the evidence in the record, and was properly allowed for the purpose of presenting the commonwealth's theory of the case. However, in view of our conclusion reached that the fourth or final ground of objection will require a reversal of the judgment, it becomes unnecessary to further specifically discuss or now decide this question of the challenged propriety or prejudicial effect of the argument complained of, as same will not likely again occur.

We will now address ourselves to appellant's last and we deem only meritorious contention, that the trial court erred in sending to Laurel county for a jury, when the commonwealth moved for a change of venue. Appellant argues the court's making of such order was erroneous, for the reason that it was directed without its having first made a good-faith effort to obtain an

impartial local jury in Harlan county, the place where the appellant was on trial for the alleged homicide. Section 194 of the Criminal Code of Practice and the case of Alsept v. Commonwealth, 245 Ky. 741, 54 S. W. (2d) 337, are relied upon to uphold him in his contention.

Section 194, Criminal Code of Practice, provides: "If the judge of the court be satisfied, *after having made a fair effort, in good faith, for that purpose,* that, from any cause, it will be impracticable to obtain a jury free of bias in the county wherein the prosecution is pending, he shall be authorized to order the sheriff to summon a sufficient number of qualified jurors from some adjoining county in which the judge shall believe there is the greatest probability of obtaining impartial jurors, and from those so summoned the jury may be formed." (Italics ours.)

In the Alsept Case, supra, relied on by appellant, we had before us the construction of this section of the Code and the question as to what character or extent of effort it requires of the court to be made for the purpose of determining whether or not it is impracticable to obtain a jury free of bias in the county of trial in order to constitute a proper compliance by the court with the requirements of this section. There the record disclosed that the trial court, on the motion of the commonwealth's attorney, and without more, summoned a jury from another county. Nothing appearing in the record as to any effort having been made by the trial court to secure a jury from the county in which the trial was pending, it was held that this section 194 of the Criminal Code of Practice had plainly been violated, and under the provisions of section 281 Criminal Code of Practice, as amended by the 1932 act (chapter 63, sec. 2), was such error as called for reversal of judgment.

On the other hand, in the case of Johnson v. Commonwealth, 250 Ky. 297, 62 S. W. (2d) 1025, where we again had under consideration this same question now before us, we found and said that:

"The instant record, however, is quite different from that in the Alsept Case. It discloses that the appellant had been tried under an indictment for this homicide, * * * and his trial had resulted in a

hung jury which had been summoned from Floyd county. After the trial the indictment under which it was had was dismissed, * * * and the instant indictment under which the appellant was tried and found guilty was returned in lieu of the dismissed indictment. The commonwealth's attorney then filed a petition for a change of venue, or, in the alternative, for the summoning of a jury from an adjoining county. He accompanied his petition with the necessary affidavits to show that it was impossible to get a fair and impartial jury from Floyd county to try this case. Appellant controverted the petition of the commonwealth's attorney and introduced affidavits to show that such a jury could be procured from Floyd county. Thus the trial court had before it the issue as to whether or not a fair and impartial jury could be obtained from Floyd county. He knew about the obtention of the former jury, and knew what difficulty, if any there was, in getting it together. He knew of its having hung. He had before him the evidence adduced on the commonwealth's petition for a change of venue, and, with all this, he came to the conclusion that a fair and impartial jury could not be obtained from Floyd county. The law does not require a vain or foolish thing, and if the trial court from competent evidence and relevant circumstances before it is convinced that a fair and impartial jury cannot be obtained from the county in which the trial is to be held, to try a cause, it is not required by section 194 of the Criminal Code to do the foolish and expensive thing of summoning in jurors to corroborate such evidence and relevant circumstances. Cf. Brafford v. Commonwealth, 16 S. W. 710, 711, 13 Ky. Law Rep. 154; Bowman v. Commonwealth, 146 Ky. 486, 143 S. W. 47. Here the experience of the trial judge on the first trial of this case, coupled with the competent evidence he had before him as to the state of feeling in Floyd county in this case, justified him in summoning a jury from an adjoining county. As said in the Brafford Case, supra, these facts and circumstances were 'sufficient to justify the action of the court, without needlessly (and we may add expensively) consuming time to accomplish what was obviously impracticable.' ''

From these principles, as announced in the quoted excerpts from these cases, it is shown that section 194 is construed to mean just what it says, that the trial court shall make a fair effort to satisfy itself that it is impracticable to obtain an unbiased jury in the county where the prosecution is pending before directing one brought in from another county, but the question of what manner and degree of effort constitutes and satisfies the directed making of a bona fide effort to determine this question of whether it will be impracticable to obtain a fair jury in the county of trial must be reasonably interpreted as a requirement directed only to the end that the court must make only such honest effort as the circumstances show needful to satisfy itself upon this point, when considered in connection with all the evidence and other informing circumstances at such time before it. In the Johnson Case, supra, we held it was unnecessary for compliance with this Code provision to summon jurors to corroborate the other evidence and relevant circumstances which were then before and well known to the court, by which it was informed that a hung jury had resulted upon the first trial of the case before a Floyd county jury, and was further informed by the evidence adduced on the petition for a change of venue, which together were reasonably sufficient for satisfying the trial court that an impartial jury could not be obtained in Floyd county, and therefore, having thus satisfied itself that an impartial jury could not be obtained in the trial county, it was then duly authorized under section 194 of the Criminal Code of Practice to direct that an unbiased jury be summoned from Lawrence county.

In the instant case a like contention and argument are presented by appellant as in the cited cases, insisting that the trial court here erred in directing a jury summoned from Laurel county without, as he contends, a fair effort having first been made by the court to satisfy itself that it would be impracticable to obtain an unbiased jury from Harlan county, where the prosecution was pending. The record discloses that, upon the call of the case for trial, a motion was made by the commonwealth for a change of venue, to which response was filed, controverting the commonwealth's statement of grounds, supported by affidavits of defendants, to the effect that an impartial jury was obtainable in Har-

lan county and denying the asserted existence of such lawless conditions in the county as would prevent its obtention.

The regular jury panel was then called and twelve of them placed in the jury box, who were examined as to their qualifications, when only one of them was found to be disqualified on the ground of relationship. The court thereupon, without any further action, or other evidence heard, to satisfy itself as to whether it was impracticable to obtain an unbiased and impartial jury in Harlan county for trial of defendants, directed that a Laurel county jury be summoned to Harlan county to try the case, stating as its reason for being satisfied that its so directing was proper, and, as its answer to defendants' response, that the court record showed some 800 commonwealth cases pending on the docket, to which number the grand jury had at that term of court added 150 new indictments; also that it was satisfied, by reason of the relationship shown of the 100 witnesses called and of the large families involved upon the trial, which was known to extend all over the county, coupled with the further circumstance that the wife of the slain man was a member of one of the most extensively related families in the county, that a fair and impartial jury could not be obtained in Harlan county to try the cause; that the court records contradicted the facts set out in the defendants' statement and response, for which reason it was overruled and trial directed had before a jury ordered summoned from Laurel county.

We are of the opinion that the matters here recited and considered by the court, as authorizing him to summon this outside jury, fail to show any substantial compliance with the requirements of section 194, Criminal Code of Practice, directing that a good-faith effort be first made by the court to satisfy itself that an unbiased jury was not obtainable in Harlan county. We regard the court's order that a jury be brought from Laurel county, when made only upon its inference from the circumstances stated, represented rather only a conclusion resting upon the basis merely of its own opinion, formed without the aid of any evidence heard in an effort made for the purpose of satisfying itself upon such point. In this case, unlike the showing made by the record in the Johnson Case, supra, the court here

was not informed as to the condition of public feeling in the county through the fact of there having been a hung jury upon the former trial, nor was any evidence here heard by the court, as there, upon the motion for a change of venue. Rather the record in the instant case, we conclude, brings it within the facts and rule applied in the Alsept Case, supra, where the court said:

"Before the court can send to another county for a jury, a fair effort in good faith must have been made to obtain a jury free of bias in the county wherein the prosecution is pending. Section 194, Criminal Code of Practice. That means exactly what it says. See Brown v. Com., 49 S. W. 545, 20 Ky. Law Rep. 1552.

"Courts have erroneously failed to follow this section of the Criminal Code of Practice in some instances heretofore, but by section 281 of the Criminal Code of Practice as it then was we were not allowed to reverse for such errors, but section 281 was amended by chapter 63 of the Acts of the General Assembly of 1932. * * * This amendment did not make a failure to observe section 194 of the Criminal Code of Practice erroneous. It has always been so, but previous to June 18, 1932, we were not permitted to reverse for such errors. Now we are."

Therefore we are of the opinion that in the instant case, as held in the Alsept Case, the trial court committed such error in sending to Laurel county for a jury, without having first made a fair effort to obtain an unbiased jury in Harlan county, as requires a reversal of the conviction, under the provisions of section 281 of the Criminal Code of Practice, as amended.

The judgment is reversed.