## Bender v. Kaelin et al.

(Decided Jan. 28, 1936.)

W. G. DEARING for appellant.

A. W. DORSEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

This is the second appeal of this case. For an understanding of the issues and pertinent facts and circumstances prior to the return of the case to the lower court, reference is made to the opinion rendered on the former appeal found in 257 Ky. 783, 79 S. W. (2d) 250, 253.

Upon the filing of the mandate in the lower court, the cause was, upon motion of parties, referred to the master commissioner with directions to ascertain and report (1) the fair market value of the property at 752 Preston street in Louisville on August 19, 1930, when Kaelin sold same to Brown and the amount of money which Brown paid for the property; (2) the amount paid to the Louisville Title Company, also taxes and any other amounts paid by defendants on the

contract of November 9, 1929; and (3) the amount of money to which plaintiff was entitled, if any. He was directed to report his acts and doings with any recommendations which in his opinion should be made and to this end was authorized to consider all proof theretofore taken and any additional proof that might be introduced by either party upon due notice.

Additional evidence was heard and considered by the commissioner, practically, if not all of which concerned the market value of the Preston street property as of August 19, 1930. Each party introduced a number of witnesses on this question, most of whom had experience in the buying, selling, or appraisement of real property or such knowledge thereof as would qualify them as witnesses on the subject. However, as is usual in such cases, we find a wide diversity of opinion.

The commissioner in an exhaustive and well-prepared opinion reviewed the conflicting evidence concerning the value of the property, the practical admission of Mr. Kaelin that it was worth $4,000 and the opinion expressed by counsel for Mrs. Bender in brief that it was worth $5,000, and concluded that, on the whole, the fair market value of the property as of the date indicated was $4,500, and so reported. He found that uncontested claims of Kaelin about which there was apparently no question for sums paid by him on a mortgage to the Louisville Title Company, state, county, and city taxes and premiums on a fire insurance policy together with interest from the date of these payments totalled $3,224.07. The commissioner recommended that contested claims of Kaelin for a $50 attorney fee paid to Frank P. Henderson for services rendered in connection with the title of the Preston street property and for services in collecting certain money from Mrs. Bender for rent on the property and for $12.30 for costs incurred in the magistrate's court in an action against Mrs. Bender involving rents and also an item of $60 which he claimed to have paid to the Fidelity & Columbia Trust Company for what he called a bonus, but what was in fact a commission for procuring a loan, be disallowed.

The largest item in the claims made by Mr. Kaelin which is contested and which is the real bone of contention is the balance due on the vendor's lien retained in the deed from Kaelin and wife to Mrs. Bender dated

September 14, 1925. There is a conflict in evidence as to the balance due. In order to reconcile this conflict and to save the necessity of going over all the proof, receipts, etc., involved in the accounting, counsel for the respective parties entered into a written stipulation agreeing that the balance due on the vendor's lien note arising out of the 1925 contract as of date August 19, 1930, was $1,600. It is stated in the stipulation that it was made so that if exception be filed or any appeal taken for a further construction of the contract, it would be unnecessary to go into an accounting under the 1925 contract, but that neither party waived any right by the stipulation except the right to go back into the accounting under the 1925 contract, which is fixed by the agreement.

The commissioner referred to and quoted excerpts from the opinion on the former appeal and concluded that under same the accounting should be confined to transactions arising out of the 1929 contract; and inasmuch as the balance due from Mrs. Bender on the vendor's lien note stipulated to be $1,600 arose out of the 1925 contract, it should not be carried forward into the 1929 contract nor allowed Kaelin in the accounting.

Concerning the claims of Mrs. Bender asserted as an offset against the claims of Kaelin, the commissioner found that under the contract of November 19, 1929, Mrs. Bender had paid sums, which, including interest, aggregated $330.86, and that same should be allowed; and when deducted from the $3,224.07 allowed Kaelin under the report, would leave a balance of $2,893.21 due him as of date August 19, 1930. The commissioner recommended that the claims of Mrs. Bender for cash she claimed to have advanced Kaelin to pay taxes aggregating $102.16 be disallowed.

In summing up, the commissioner deducted from the fair market value of the Preston street property as fixed by the report at $4,500, the balance due Kaelin as found by the report to be $2,893.21, leaving $1,606.79 the damage due Mrs. Bender because of the sale of the property by Kaelin to Brown. The commissioner further reported that if the court should overrule the commissioner and decide that the balance due Kaelin on the 1925 vendor's lien should be allowed him in the accounting, then, in that event, Mrs. Bender would only be entitled to damage in the sum of $6.79.

Mrs. Bender filed exceptions to the commissioner's report, the grounds of which in substance are: (1) That the market value of the Preston street property should have been fixed at least at $5,500, the amount paid by Brown, instead of $4,500 as improperly fixed by the commissioner; (2) that the commissioner should have allowed her $432 paid under the contract of 1929 shown by the receipts filed instead of allowing her only $330.86; (3) that the commissioner improperly fixed $1,606.79 as the amount she should recover instead of $2,708.95, as justified by the proof.

Defendants filed exceptions to the finding of the commissioner that plaintiff was entitled to the sum of $1,606.79 on the ground that the commissioner erred in his construction of the opinion of the Court of Appeals, and also in his finding on the facts disclosed by the record. After the report of the commissioner had been filed, the defendants tendered and offerd to file an amended answer and counterclaim in the first paragraph of which it was alleged in effect that certain alleged illegal acts and conduct of the plaintiff in connection with the receipts filed in support of her claims for sums paid Kaelin under the 1929 contract and referred to in the commissioner's report so affected her credibility as to warrant the opening and rehearing of the entire case on the main issues involved. In a second paragraph they set up the report of the commissioner showing the balance due Kaelin on his vendor's lien note as of August 19, 1930, and the facts relative to such balance. They prayed that the case be reviewed and reconsidered on the material issues and that they be given judgment on their counterclaim growing out of the balance due on the vendor's lien note with interest amounting to $2,088.77, and that same be set off against any judgment they might be awarded against defendant pursuant to the finding of the commissioner.

The court allowed the second paragraph of this pleading in so far as it conformed to the stipulation of the parties to be filed, and otherwise refused the amendment, but made it a part of the record.

On final hearing, the chancellor sustained defendants' exception to that part of the commissioner's report disallowing the $1,600 growing out of the balance due on the vendor's lien or mortgage note and

fixing $1,606.79 as the amount to be recovered by Mrs. Bender, but overruled all other exceptions, affirmed the report in other particulars, and adjudged that plaintiff recover the sum of $6.79. Plaintiff is appealing.

It is argued by counsel for appellant that the commissioner arbitrarily fixed the value of the Preston street property as of the date of the conveyance to Brown at $4,500 when the evidence showed it to be of a greater value; that as held in the opinion on the former appeal, the value should have been fixed at least at the price or value received for the property by Kaelin; that the evidence showed he received $5,500.

As already indicated, there was considerable diversity of opinion as to the value of the property, but on the whole, it is apparent the commissioner's finding is in reasonable accord with the weight of the evidence. As pointed out in the chancellor's opinion, Kaelin traded the property for a farm and not for a money consideration, and therefore it was a question of market value and not a cash consideration. The judgment sustaining the commissioner's finding in this particular is well fortified by the evidence.

It is further argued that the commissioner improperly refused to allow appellant the full amount she claimed to have paid for the use of the property as shown by receipts. Without detailing evidence calculated to cast reflections upon any party or witness, we deem it sufficient to say the commissioner's finding with respect to this and other claims made by appellant was, under the evidence, properly affirmed by the chancellor.

Coming to a consideration of the item of $1,600 involved in the report and which it is stipulated was the balance due on the vendor's lien note under the 1925 contract, we find appellant contending that under the former opinion this item cannot be considered in the accounting, and this is in accord with the commissioner's view of the matter. Under the "law of the case" doctrine which is invoked by appellant, the opinion on the former appeal precludes the lower court from considering questions decided in that opinion whether it be sound or unsound. Murphy v. Pinson, 231 Ky. 461, 21 S. W. (2d) 824; Louisville Fire Brick Works v. Tackett, 216 Ky. 712, 288 S. W. 665; Robinson v. Chesapeake & O. R. Co., 227 Ky. 458, 13 S. W. (2d) 500. It

therefore remains to be determined whether this question was decided on the former appeal.

While it is stated in the former opinion that the 1929 contract is an independent transaction and the court was not authorized to inject it into the 1925 contract, it was further said:

"A consideration of the 1925 contract may be helpful in determining the nature and import or purpose of the 1929 contract."

It is true the balance due on the vendor's lien note had its inception in or grew out of the 1925 contract. It is equally true that it was a part of the 1929 contract, since the recited consideration therein was that Kaelin assume and pay all indebtedness on the Preston street property, and this was a subsisting lien indebtedness against the property which under the agreement and conveyance was to be satisfied. It was a part of "the sum Mrs. Bender owed Kaelin at the time."

In concluding the former opinion, it was said:

"Having reached these conclusions, it follows that Mrs. Bender was entitled to recover of Kaelin for the wrongful disposition of her property. The measure of damages is the difference, if any, between the fair market value of the property at the time it was conveyed by Kaelin to Brown, and the sum Mrs. Bender owed Kaelin at that time, i. e., the sum Kaelin had paid on the property under the contract, but in no event less than the price or value received for it by Kaelin."

In fixing the measure of damage and in directing an accounting and adjustment of damages, it is obvious that the opinion authorized the lower court to take into consideration any sum Mrs. Bender owed Kaelin at the time they entered into the 1929 contract, which was a part of the consideration, as well as sums thereafter paid by him on the property. The chancellor, after a careful analysis of the opinion, concluded that some parts of it, standing alone, might be confusing, but, when considered as a whole, did not preclude the lower court from taking into account the balance due Kaelin, which it is stipulated was $1,600. It is apparent that when so read, the opinion is susceptible of no other reasonable interpretation.

Judgment affirmed.