# Martin v. Oliver et al.

Nov. 3, 1943.

E. H. Smith for appellant.

J. Wood Vance and George J. Ellis, Jr. for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The parties to this appeal own adjoining lands in Barren county, Kentucky. The dividing line between their lands runs practically east and west or in a slightly northeasterly and southwesterly direction, the eastern end of the line intersecting with the west boundary line of the land of W. H. Burgess, which line runs in a northwesterly and southeasterly direction and forms the eastern boundary line of the lands of appellant and appellee. The chain of title to the lands of appellant and appellee and Burgess called for a white oak at or near the Burgess line and it appears that this white oak is a corner tree between the Burgess land and the lands of appellant and appellee and is controlling in the proper location of the intersection of the line between appellant and appellee with the Burgess line.

A dispute arose between appellant and appellee as to the exact location of the line between their lands, and

appellant brought this action against appellee and his tenant, Jonie Anderson, in which he alleged ownership of a certain boundary of the land, describing it by metes, bounds, courses, distances, etc., and further alleged that appellee and his tenant were entering upon a certain portion of appellant's land and cutting and removing therefrom timber and shrubs and damaging other growing timber, and asked that they be enjoined and restrained from entering his premises or removing timber therefrom. Appellee filed his answer and counterclaim denying the allegations of appellant's petition and alleged that he owned a certain boundary of land lying south of the land of appellant, which he also described by metes, bounds, courses and distances, which included the small parcel of land claimed by appellant, and that the acts complained of by appellant were committed by appellee upon his own land and asked that the boundary line claimed by him be adjudged the true boundary line and that his title be quieted and for all equitable and proper relief to which he may be entitled. In addition to his paper title appellee further alleged that more than fifty years ago his and appellant's ancestors in title agreed upon and established a conditional line between the lands now in dispute and that he and his predecessors in title since that date had claimed the land in dispute and had it in possession for more than fifty years and pleaded and relied on the statute of limitations.

It appears that both appellant and appellee had the line in dispute surveyed, apparently each one choosing his own surveyor, who made their respective reports but differed as to the method of ascertaining the line, or the exact location of same. After the evidence was taken, which is somewhat voluminous, the chancellor was convinced that the white oak at or near the Burgess line with which the line of appellant and appellee intersect is the true corner and entered an interlocutory judgment to that effect and appointed a special commissioner or surveyor to survey the line beginning: "at a point in the middle of an old fence, this beginning corner being 113 poles (S. 13½E) from a white oak and a stone in the root of said tree, this being an undisputed corner, and the beginning corner (middle of old fence a course approximately N. 58½ E 183 1-2 poles to a white oak), it being the opinion of the court that this white oak is the true corner, * * *." The special commissioner surveyed the line as directed by the chancellor and made his re-

port which was favorable to the contention of appellee, whereupon the court entered a final judgment adjudging appellee to be the owner of the parcel of land in dispute.

Appellant does not contend that the evidence is insufficient to sustain the chancellor's finding that *a* white oak at or near the W. H. Burgess line is the true corner, but he insists that there are *two* white oaks a short distance apart near the Burgess line and that the court should have directed the special surveyor to locate or ascertain which one of the two white oaks was the true corner, citing us to the testimony of Cap Harlan, one of the surveyors who had previously surveyed the line in dispute. In Harlan's testimony bearing on this point he refers to the line from "E to G" which is designated on the sketch or improvised map filed with the brief indicating the W. H. Burgess line, which forms the eastern boundary of the lands of both appellant and appellee, as we have indicated above, and according to his testimony once the disputed line is run according to the specific calls in the deeds it does not reach the white oak tree on the Burgess line but stops a few feet southwest of it. He testified as follows:

"Q. Where does the line from 'E' to 'G' pass in reference to the white oak which has been testified about by Mr. Oliver as the corner tree? A. Well, it would pass to the right of it going to the poplar or to the East, you might say, or North East.

"Q. How is the white oak about which Mr. Oliver has testified as the corner tree marked on your map? A. Well, it's marked here the 'X' in the circle.

"Q. How far is the white oak from the point which you established as the corner between Oliver and Martin and Burgess? A. About twenty-five feet I think was what we measured for it. We measured when Mr. Glass was there the other day. It's about twenty-five feet back South and West of the stone at the intersection of the two lines here."

It is thus seen that the witness does not make any reference to *two* white oak trees but indicates that the point he located as the corner claimed by appellant is about twenty-five feet from the white oak. We think it is clear that there is only one white oak at or near the Burgess line. Appellant assigns as a further reason why the white oak located by the special surveyor is not the

correct corner is that it does not correspond with the calls of the deeds involved in the chain of title. It must not be overlooked, however, that it is the established rule that calls and distances must yield to marked lines and natural objects called for in a survey. If it be conceded that the calls and distances contained in the deed do not reach the Burgess line, yet since there is only one white oak at or near the Burgess line it will be presumed that it is the correct corner. Surveyors might and sometimes do make mistakes in calls and distances, but there can be no mistake as to the location of a permanently fixed and natural object.

With reference to the alleged agreed line between appellants and appellee's predecessors in title, R. B. Burks testified that he was acquainted with the lands and the line in controversy and had lived within two hundred yards of it for several years. He further testified:

"Q. Have you ever come through there and observed this tract of land and know where the disputed part is? A. Yes, many times. Both of my brothers have owned it.

"Q. Do you know where the call is of 183 and a fraction poles through a strip of timber running from a point in the Martin line to the big white oak tree? A. Yes.

"Q. Have you ever walked through there and looked at that line? A. Yes.

"Q. What can you see to indicate there is a line? A. Marks on trees.

"Q. Describe them? A. Just marks.

"Q. Recent or have they been there a long time? A. A long time.

"Q. How long would you say? A. Around 55 years, maybe a little more or less.

"Q. You mean you have known them to be there that long? A. I was there when they was put there. I was just a young fellow."

Appellant does not point out in his brief any evidence tending to contradict the evidence of Burks, nor have we searched the voluminous record to find any con-

tradictory evidence, since it is the rule of this court that it will not accept an invitation to search a voluminous record for evidence or errors not pointed out in brief of counsel. Hence, we treat Burks' evidence as uncontradicted with respect to the alleged agreed line. But, be that as it may, we think the evidence is sufficient to sustain the judgment of the chancellor on either ground; i. e., paper title as well as the agreed line between the ancestors in title of the parties.

Judgment affirmed.