Barney J. TREACY and E. V. Reeves,
Appellants,

v.

H. L. JAMES and Beverly B. James,
Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1954.

Rehearing Denied Jan. 21, 1955.

J. Owen Reynolds and Robert H. Hays, Lexington, for appellants.

Sam P. Strother, Lexington, for appellees.

MILLIKEN, Justice.

This appeal involves the application of KRS 371.010(8) of the Statute of Frauds, a subsection which was enacted in 1950 for the purpose of regulating the form of brokerage contracts for the sale and lease of real estate, and which was construed by us for the first time in the recent case of Clinkinbeard v. Poole, Ky., 266 S.W.2d 796.

The appellees, H. L. James and Beverly B. James, were the owners of a motel in Fayette County and orally authorized the appellants, real estate brokers, to try to sell it for them for $240,000. In the course of time the owners sold the motel for $229,000 to a purchaser whom the brokers assert they first contacted. When the owners refused to pay the commission the brokers filed this action for $12,000 commission, which represents 5% of the authorized sales price of $240,000, and attempted to circumvent the aforementioned subsection of the Statute of Frauds, KRS 371.010(8), which reads:

"No action shall be brought to charge any person: * * *

"(8) Upon any promise, agreement, or contract for any commission or compensation for the sale or lease of any real estate or for assisting another in the sale or lease of any real estate; unless the promise, contract, agree-

ment, representation, assurance or rat-ification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent. The consideration need not be expressed in the writing, but it may be proved when necessary or disapproved [disproved] by parol or other evidence."

The brokers claim a letter written by one of the owners, H. L. James, to a third person, a Mr. McKibben, whom the brokers had interested in the motel, is a sufficient writing to take their oral contract with the owners out of the Statute of Frauds. The letter reads:

"Dear Mr. McKibben:

"Mr. Reeves has permitted us to examine the figures your accountant compiled for you and as we have sold the Motel, we wish to thank you for letting us see this data and for your interest in visiting us. We have returned the figures to Mr. Reeves and of course have no occasion to make any comment concerning same. It was nice meeting you however.

"Yours,

"H. L. James"

These facts were stated in the pleadings and depositions which were subsequently taken. No prayer for relief on a quantum meruit basis was made. The cause was heard on the owners' motion for a Summary Judgment under CR 56, and the motion was sustained as was a second motion by the owners for an order directing the brokers or their attorneys to release the lis pendens notice which had been filed in the office of the county clerk. The brokers appealed the judgment, contending that the letter was a sufficient memorandum of the contract, and that if it should be deemed insufficient in itself it could be supplemented by parol evidence.

The question of supplementing a written memorandum, required by KRS 371.010(8), with parol evidence for the purpose of satisfying the requirements of the statute was the subject of a recent decision by this

court. In the case of Clinkinbeard v. Poole, Ky., 266 S.W.2d 796, 798, Judge Duncan wrote:

"It seems well established in all jurisdictions that a writing or memorandum sufficient to satisfy the requirements of the statute of frauds must be complete in itself as to the parties charged with liability thereunder and the essential terms of the contract. 49 Am.Jur., Section 322, page 636, Statute of Frauds; Gibson v. Crawford, 247 Ky. 228, 56 S.W.2d 985; Purcell v. Campbell, 261 Ky. 644, 88 S.W.2d 670. Minor details may in some instance be shown by parol, but we have nowhere found any authority for supplying the material and essential features of an agreement based upon a writing which does nothing more than furnish some evidence of the existence of a prior parol agreement."

■ Thus, parol evidence may not be used to supply the essentials of a contract to a writing for the purpose of satisfying the requirement of the Statute of Frauds.

■ As to the letter being sufficient memorandum in itself, it should be noted that most of the essentials of a contract cannot be clearly discerned therein. The letter does not establish the existence of an agency to sell the property, the identity of the parties concerned, the purpose of the alleged agreement, nor any of its terms. As stated in McKnight v. Broadway Investment Co., 147 Ky. 535, 145 S.W. 377, 382, the writing "must furnish the evidence of the terms, for this is the very purpose for which the statute was enacted. The terms * * * are of the very essence of the contract, and they must necessarily be reduced to writing * * *."

■ Unlike Clinkinbeard v. Poole, supra, no prayer for relief on a quantum meruit basis was made in the case at bar, and, of course, neither the trial court nor counsel had the benefit of our decision in that case construing KRS 371.010(8). Or-

dinarily, this court will not search a record for errors not pointed out in the briefs of counsel. Martin v. Oliver, 295 Ky. 624, 175 S.W.2d 127, and where errors are alleged as grounds for a new trial but not discussed in briefs of counsel, we treat them as abandoned. Louisville & N. R. Co. v. Woodford, 1913, 152 Ky. 398, 153 S.W. 722, rehearing denied 153 Ky. 185, 154 S.W. 1083, appeal dismissed 234 U.S. 46, 34 S.Ct. 739, 58 L.Ed. 1202. This policy is in accord with the general rule. 3 Am.Jur., Appeal & Error, Sec. 770, page 332, and is followed generally by the Federal courts in handling appeals under the Federal Rules of Civil Procedure. Rule 75, 28 U.S. C.A., pages 459, 460, and note 12 on page 464.

The judgment is affirmed.